DANIEL SWETT *vs.* EDWARD F. SHERMAN & others.

The plaintiff gave a mortgage of his land, to secure payment of his promissory note, afterwards conveyed the land by a deed which stipulated that the grantee should assume the obligation secured by the mortgage, and took back a mortgage to himself reciting this stipulation. He then assigned this second mortgage, " subject to the conditions therein," and indorsed the accompanying note, without recourse to himself, to the defendant, who subsequently took an assignment of the first mortgage, which was worth less than the land. *Held*, that the defendant might be enjoined from suing the plaintiff on the first mortgage note.

BILL IN EQUITY to restrain Edward F. Sherman, Nathan Crosby and William H. Anderson, executors of the will of Thomas Nesmith, from prosecuting against the plaintiff an action

of contract on a promissory note for $2500 signed by him, payable to the Lowell Five Cents Savings Bank or order, and by them indorsed to the defendants.

The case, as it appeared from the pleadings and a statement of facts, on which it was reserved by *Wells*, J., for the consideration of the full court, was as follows :

The plaintiff in 1869 gave the note in question to the Lowell Five Cents Savings Bank, and at the same time mortgaged to them land in Lowell, of which he was seised in fee, to secure its payment. On April 16, 1870, he conveyed the land to Lucinda Kidder, wife of Daniel T. Kidder, by a deed, duly recorded, which contained a covenant concerning the premises, " that they are free from all incumbrances except a certain mortgage to the Lowell Five Cents Savings Bank for $2500, which the grantee, by the acceptance of this deed, assumes and agrees to pay, and to save the grantor, his heirs, executors and representatives, forever harmless therefrom." Kidder and his wife, on the same day, to secure their note to the plaintiff for $2000, part of the consideration, mortgaged the premises to him by a deed containing a covenant that the premises were " free from all incumbrances, excepting a certain mortgage given to the Lowell Five Cents Savings Bank for the sum of $2500, which said mortgage the grantors agree to pay," and also containing a covenant of warranty " against the lawful claims and demands of all persons." On July 9, 1870, the plaintiff, for a valuable consideration, assigned this second note and mortgage to Nesmith, " subject to the conditions therein contained," and indorsed the note " without recourse to me." Subsequently Nesmith died, and the defendants were duly appointed executors of his will, and on January 20, 1871, entered to foreclose the above mentioned second mortgage, assigned to their testator. On February 1, 1871, the Lowell Five Cents Savings Bank assigned the first mortgage and indorsed the accompanying note, which was overdue and not paid, to the defendants as executors, who paid the bank the amount due thereon, and on February 14, 1871, brought against the plaintiff the action which this bill sought to restrain, upon the note indorsed to them by the bank ; and in that action they attached real estate of the

plaintiff not included in these mortgages. The land mortgaged was worth more than the first mortgage, but not worth more than both mortgages.

Such decree was to be ordered in the case as should be deemed proper and in accordance with law and equity.

*A. R. Brown & E. A. Alger,* for the plaintiff.

*D. S. Richardson & G. Stevens,* for the defendant.

MORTON, J. It is generally true that the holder of a mortgage debt, there being no intervening equities, may resort to the personal liability of the mortgagor instead of the land, to collect his debt. *Johnson* v. *Stevens,* 7 Cush. 431. Thus in this case the Lowell Five Cents Savings Bank, after the note secured by their mortgage became due, undoubtedly might have sued the mortgagor upon the note which accompanied the mortgage, and compelled him to pay the debt. But such compulsory payment by the mortgagor would not, under the circumstances of this case, be regarded in equity as extinguishing the mortgage. After Swett made this mortgage, he sold the premises to Mrs. Kidder by a deed which contains this clause : " that they are free of all incumbrances except a certain mortgage to the Lowell Five Cents Savings Bank for $2500, which the grantee, by the acceptance of this deed, assumes and agrees to pay, and to save the grantor, his heirs, executors and representatives, forever harmless therefrom." At the same time Mrs. Kidder and her husband gave to Swett a mortgage of the same premises for $2000, to secure the purchase money, which contained the clause that they were " free from all incumbrances excepting a certain mortgage given to the Lowell Five Cents Savings Bank for the sum of $2500, which said mortgage the grantees agree to pay." This mortgage also contained a general warranty " against the lawful claims and demands of all persons." By the conveyance to Mrs. Kidder, Swett ceased to be the owner of the equity of redemption, and it was made her duty to pay the first mortgage debt. It is a settled rule that, where the purposes of justice require that the payment of a mortgage debt shall be regarded as an assignment instead of an extinguishment of the mortgage, it will be held so to operate. *McCabe* v. *Swap,* 14 Allen, 188. *Butler* v. *Seward,* 10 Allen, 466.

*Evans* v. *Kimball*, 1 Allen, 240. *Grover* v. *Thatcher*, 4 Gray 526. *Barker* v. *Parker*, 4 Pick. 505. *Gibson* v. *Crehore*, 3 Pick. 475. If Swett is compelled to pay this debt, it would be manifestly unjust that it should operate to extinguish the mortgage, and thus let Mrs. Kidder into the enjoyment of the estate subject only to the second mortgage. We can have no doubts that, as against Mrs. Kidder, he would be entitled upon such payment to be subrogated to the rights of the mortgagee, and to hold the mortgage as an existing lien upon the estate. *Wall* v. *Mason*, 102 Mass. 313. But the question in this case is whether, as against the second mortgagee, Swett, upon paying the first mortgage, would be entitled to an assignment of it so as to hold it with priority over the second mortgage. We are of opinion that under the circumstances of the case he would be so entitled. As we have seen, the second mortgage contains the stipulation that Mrs. Kidder shall pay the first mortgage. Swett assigned this mortgage to Nesmith, " subject to the conditions therein contained." At the same time, he indorsed the note accompanying the mortgage, " without recourse." Thus Nesmith had full knowledge of all the facts, and of the equities between Swett and Mrs. Kidder, by virtue of which Swett would be entitled to an assignment of the first mortgage if he was called upon to pay it. Nesmith took the assignment subject to the conditions contained in the mortgage, one of which was that Mrs. Kidder was to pay the first mortgage.

The fair inference from all the facts is that Nesmith, when he bought the second mortgage, did not rely upon any personal liability of Swett, but both parties understood that the only security he got for the price he paid was a mortgage of an equity of redemption. This being so, we do not think that his executors can, by purchasing the first mortgage and compelling Swett to pay the note, enlarge the security and make it a first mortgage upon the whole estate. To do so would be contrary to the intention of the parties, and would work great injustice to Swett. On the other hand, if the first mortgage is first satisfied out of the estate, the defendants have precisely the security which their testator got by his contract with Swett.

Upon the whole, we are of opinion that, if Swett is compelled to pay the first mortgage note to the defendants, he would be entitled to an assignment of the mortgage, and it would retain its priority over the second mortgage. As the estate is worth more than the first mortgage, the defendants would then be obliged to repay him the amount they recover in order to redeem the first mortgage. To avoid this circuity of remedy, we think they should be enjoined from prosecuting their suit upon the first mortgage note. *Injunction to issue.*