JAMES N. TUCKER *vs.* MICHAEL CROWLEY & another.

Suffolk. March 27. — Sept. 5, 1879. AMES & LORD, JJ., absent.

A. gave a note secured by mortgage of land to B., and then conveyed the equity of redemption to C., who assumed payment of the mortgage. The note and mortgage were then assigned by B. to D., to whom afterwards another mortgage of the premises made by C. came by assignment; and, subsequently, D. took from C. a quitclaim deed of the premises, with special covenant of warranty against all persons claiming under him, and a covenant that the premises were free from all incumbrances made by him, except the second mortgage. *Held*, in an action on the note by D. against A., that the note and first mortgage were not extinguished; and that evidence of the value of the premises was immaterial.

SOULE, J. This is an action by an indorsee of a promissory note signed by the defendants; and the question is, whether the note is extinguished, in whole or in part, by the conveyance to the plaintiff of the equity of redemption of the land mortgaged to secure the note. After the note and the mortgage securing it were made, the defendants conveyed the equity of redemption to Mrs. Rogers by a deed which recites that she assumes and agrees to pay the mortgage and interest. After this conveyance to Mrs. Rogers, the note and mortgage were assigned by the payee to the plaintiff. Mrs. Rogers still later made two mortgages of the premises, which came by assignment to the plaintiff,

and finally the plaintiff took from her a quitclaim deed of the premises, with a special covenant of warranty against all persons claiming from or under her, but against none other, and a cove nant that the premises are free of all incumbrances made by her, except the two mortgages, above referred to, made by her, and a third mortgage which was discharged before suit.

On these facts, the defendants contend that they are discharged from liability on the note, on the ground that the mortgage is extinguished by merger of all the titles in the fee simple absolute in the plaintiff; and that the note is extinguished with it. It is undoubtedly true that, in general, when a greater and lesser estate, which together constitute the entire fee, unite in one person, a merger results by operation of law. But it is equally true that in equity such merger is not allowed, except to promote the intention of the party. And the doctrine of equity is adopted at law where the peculiar circumstances of the case require it as an alternative to sending the parties to a court of equity for relief. Accordingly it is established that when the owner of an equity of redemption purchases the mortgage on the premises, such purchase shall or shall not work a merger, as it may be for his interest; and that the strict rule of law will not be permitted to work a manifest injustice. *Gibson* v. *Crehore,* 3 Pick. 475. *Hunt* v. *Hunt,* 14 Pick. 374. *Savage* v. *Hall,* 12 Gray, 363. *Kilborn* v. *Robbins,* 8 Allen, 466. *McCabe* v. *Swap,* 14 Allen, 188. *Hutchins* v. *Carleton,* 19 N. H. 487. And if one buys land by a warranty deed, subject to a mortgage, without any recital that he assumes or agrees to pay the mortgage, he is not bound to do so; and if he takes an assignment of the mortgage to himself, the mortgage is not thereby discharged. *Strong* v. *Converse,* 8 Allen, 557. But if he assumes the payment of the mortgage by the deed to him, he cannot after paying it keep it on foot against the mortgagor by an assignment to himself. *McCabe* v. *Swap, ubi supra.* See also *Putnam* v. *Collamore,* 120 Mass. 454; *Carlton* v. *Jackson,* 121 Mass. 592.

In the case at bar, the plaintiff did not assume the payment of the mortgage, when he took the quitclaim deed from Mrs. Rogers, and was not aware of any obligation on her part to pay the mortgage given by the defendants to secure the note in suit. The case differs in this respect from the case of *Swett* v. *Sherman,*

109 Mass. 231, on which the defendants rely. In that case, the holder of a first mortgage took from the mortgagor by assignment a second mortgage on the premises given by the grantee of the equity, who had assumed the first mortgage, and who stated that fact in the second mortgage, the assignment being in terms subject to the conditions of that mortgage, and it was held that the assignee took his assignment under such circumstances, and with such intention, that he could not equitably enforce the first mortgage debt against the mortgagor. In the case at bar, the holder of the mortgage, with the assent of the mortgagors, took a deed of quitclaim and special warranty from the holder of the equity, without assuming any obligation as to the mortgage or mortgage debt. This did not extinguish the mortgage. *Loud* v. *Lane*, 8 Met. 517. *Dexter* v. *Harris*, 2 Mason, 531. To hold otherwise would do injustice to the plaintiff, by depriving him of a personal remedy against the defendants which he did not intend to abandon or surrender. On the other hand, no wrong is done to the defendants by this decision. So long as they retained the equity of redemption, they kept the right to have a discharge of the mortgage whenever they should pay the note. They saw fit to give up this right in consideration of the purchase money paid by Mrs. Rogers for the equity, and her personal undertaking to pay the mortgage debt. Their position is of their own choosing. Their remedy is against their grantee.

In this view of the case, it is manifest that the evidence of the value of the premises was properly excluded; and that there was no question of fact on which the defendants were entitled to go to the jury. *Exceptions overruled.*

*J. C. Crowley & J. A. Maxwell*, for the defendants.

*N. Morse & R. Lund*, for the plaintiff.