JAMES B. RYER *vs.* WILLIAM W. GASS & another.

Suffolk. Nov. 21, 1879. — Jan. 14, 1881. MORTON & SOULE, JJ., absent.

The holder of an equity of redemption in a parcel of land, who was under no obligation to pay either of two mortgages existing on the land and duly recorded, in ignorance of the second mortgage, for the purpose of perfecting his title, made a part payment on the first mortgage, and afterwards, on being informed of the second mortgage, paid the balance due on the first, and caused that mortgage to be assigned to a third person in trust for himself. *Held,* that the holder of the second mortgage was not entitled to redeem the first, except by paying the full amount thereof.

BILL IN EQUITY to redeem a mortgage of land in Boston. The case was heard by *Ames,* J., and reserved for the consideration of the full court, upon the following agreed facts:

On October 7, 1874, Michael O'Connor, who was seised in fee of the estate in question, mortgaged the same to William B. Tyler to secure the payment of $5000 in one year; and that mortgage was subsequently assigned to Lorin L. Fuller, who assigned the same to William W. Gass, one of the defendants, on July 25, 1878, after $3000 had been indorsed on the mortgage note as

hereinafter set forth. O'Connor, on October 7, 1874, made a second mortgage of the estate, subject to the first mortgage, to Amelia Baldwin, to secure the payment of $2000 in one year; and this mortgage was subsequently assigned to, and is now held by, the plaintiff.

Both of these mortgages were duly recorded, and are found next to each other upon the registry of deeds for Suffolk county; and by a search with ordinary diligence of the record of said registry of deeds, the second mortgage would have been discovered.

After the execution of the mortgages, O'Connor conveyed the estate to his son, John C. O'Connor, by deed duly recorded, which contained the statement that the estate was subject to mortgages amounting to $7000. On July 1, 1875, Charles H. Gass, the other defendant, lent to Michael O'Connor $3000 for thirty days; and, to secure the payment thereof, Michael procured John C. O'Connor to convey the estate to Charles H. Gass in fee by warranty deed, containing the covenant that the premises were "free from all incumbrances, except a mortgage of five thousand dollars, which forms part of the foregoing consideration."

Charles H. Gass took the deed without making any examination of the title to the estate, and without any information, except such as may be presumed from the fact of the record, that the estate was subject to any mortgage or incumbrance besides the mortgage of $5000. Both of the mortgages were wholly unpaid at the time Gass took his deed, and the loan by him to O'Connor has never been paid.

On November 1, 1877, Charles H. Gass paid to Fuller, who then held the first mortgage, $2000, which, by direction of Gass, was indorsed on the mortgage note, and Fuller, in consideration thereof, agreed to reduce the rate of interest thereon to six per cent from and after October 1, 1877; and on April 20, 1878, Charles H. Gass paid the further sum of $1000, which, by his direction, was likewise indorsed on the note. At the time of these two payments, Charles H. Gass had not made any examination of the records, and was not aware of the existence of the second mortgage, until July 25, 1878, when he was told of it. On that day, he paid Fuller $2000 and interest thereon.

being the balance due on the first mortgage, and, at his request, Fuller assigned the mortgage and note, with indorsements of payments thereon, to William W. Gass, .who now holds the same in trust for Charles H. Gass, his brother:

The plaintiff was not aware until a few days before bringing this bill that the first mortgage had been assigned to William W. Gass, or that Charles H. Gass was ignorant of the existence of the second mortgage. The last-named mortgage was assigned to the plaintiff in November 1876. The value of the estate has so much depreciated that it is now not worth the original amount of the first mortgage.

The plaintiff, before bringing this bill, tendered to William W. Gass $2000 and all interest due thereon; but the tender was refused, Gass contending that the plaintiff was only entitled to redeem on payment of $5000 and interest thereon.

*W. E. L. Dillaway,* for the plaintiff.

*C. Blodgett,* for the defendants.

AMES, J. It is well settled that a written document purporting to be a discharge of a mortgage may under some circum stances have the effect of an assignment; as, on .the other hand, a conveyance in the form of an assignment may operate as a discharge. This is a matter in which the form of the conveyance is not a decisive test, and a court of equity will go behind the form to reach the substantial merits of the case. And, even without any written assignment, a payment of the entire mortgage debt may give to the party making the payment the rights of an equitable mortgagee, so that in some circumstances he may be subrogated to the position of the mortgagee. Whether a payment of the entire amount due shall operate as a discharge of the debt, or as a purchase and assignment of the mortgage, depends not so much on the form of words used, as upon the relations subsisting between the party advancing the money, and the party executing the release or transfer, and their relative duties. *Brown* v. *Lapham,* 3 Cush. 551. *Gibson* v. *Crehore,* 3 Pick. 475.

If the amount of the debt in this case had been paid by one who was bound by contract or otherwise to pay it, the effect of his doing so would be to extinguish the mortgage. But the defendant Charles H. Gass stood in no such relation to the

property. He was not acting for the second mortgagee, and was not holding under the mortgagor by reason of any contract, express or implied, to pay the debt. He made the two payments, which are indorsed upon the note, for the protection and relief of his own title, and not for the purpose of benefiting the plaintiff and giving him a better position than he was in already. He had a right of redemption, and the partial payment was made with a view of ultimately acquiring the control of the mortgage. It has been decided that if one, having a right to redeem mortgaged premises, pays the debt, the mortgage is to be treated as assigned to him, if it is manifestly for his interest and not inconsistent with the justice of the case, and where no contrary interest is clearly expressed or necessarily implied. *Hinds* v. *Ballou*, 44 N. H. 619. *Leavitt* v. *Pratt*, 53 Maine, 147. The plaintiff is in no position to say that his rights are injuriously affected, if the previous incumbrances upon the property are not increased or made more burdensome by the transactions between the mortgagee and the holder of the equity.

The counsel for the plaintiff has cited certain cases to the effect that where a mortgagee has understandingly and intentionally discharged his mortgage, it cannot be reinstated to the prejudice of subsequent incumbrancers or judgment creditors in States where a judgment is a lien upon the debtor's real estate. *Banta* v. *Garmo*, 1 Sandf. Ch. 383. *Frazee* v. *Inslee*, 1 Green Ch. 239. *Neidig* v. *Whiteford*, 29 Md. 178. We are not called upon in the present case to decide what would have been the position of this plaintiff, if he had been an attaching creditor or a *bona fide* purchaser or incumbrancer without notice, and subsequently to the date of the two payments in question. But that is not his position. He took his title with the knowledge that it was subject to a prior incumbrance of $5000; and that, in order to make his mortgage upon the property available, he would be obliged to pay that amount to the holder of the previous mortgage. That previous mortgage has never been discharged, but is still outstanding and in force in the hands of one of these defendants in trust for the other. The defendant Charles H. Gass was in a position in which, to protect himself against loss, he found it necessary to acquire the rights of the first mortgagee. The money which he paid to the first mortgagee can be treated

as a part payment towards the purchase of that mortgage, with-out doing any injustice to the plaintiff, and without impairing the title which he intended to take and understood that he had taken in the original transaction; in fact, without altering in the slightest degree the position in which he placed himself at the outset.

The result therefore is, that the plaintiff can redeem only upon the payment of the original mortgage, with interest.

*Decree accordingly.*