### WALTER PRATT *vs.* MARGARET A. BUCKLEY.

Plymouth.    December 6, 1899. — January 3, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Forcible Entry and Detainer — Effect of Assignment of Mortgage to Mortgagor
after Sale of Premises subject to Mortgage — Evidence.*

The transfer of the mortgage note and the assignment of the mortgage to the orig-
inal mortgagor after the premises have been sold subject to the mortgage, the
grantee not assuming to pay it, do not constitute a discharge of the mortgage
so that it cannot be enforced against the property.

If the mortgagor of land which has been conveyed subject to the mortgage, the
payment of which is not assumed, upon the mortgagee threatening to foreclose
the mortgage if the mortgage note is not paid, and to hold the mortgagor re-
sponsible for any deficiency, causes the amount of the note to be furnished to
the grantee of the land, and subsequently takes an assignment of the mortgage
and forecloses it, evidence showing that the mortgagor's intention in paying the
money was to obtain the benefit of the mortgage security for a debt which was
a charge upon the land, is competent in an action on Pub. Sts. c. 175, by the
purchaser at the foreclosure sale to recover possession of the premises.

ACTION on Pub. Sts. c. 175, to recover possession of certain
premises in Abington.    The case was submitted to the Superior
Court, and after judgment for the plaintiff, to this court, on
appeal, upon agreed facts, the material parts of which appear in
the opinion.

*W. J. Coughlan & D. R. Coughlan,* for the defendant.

*L. E. Chamberlain & E. J. Fletcher,* for the plaintiff.

KNOWLTON, J.    This is an action of forcible entry and de-
tainer brought under the Pub. Sts. c. 175, § 1.    On March 3,
1893, Alice M. Pratt was the owner in fee of the property in
dispute, and she mortgaged it to one Gould to secure the pay-
ment of $850.    On March 7 of the same year she conveyed
the premises to one Robinson, by a deed which recited that the
land was conveyed subject to a mortgage, and which excepted
the mortgage from the covenant of warranty and the covenant
against incumbrances.    Afterwards the mortgagee notified her
that the note was unpaid, and that if it was not satisfactorily
arranged at once, she should foreclose the mortgage and hold her
responsible for any deficiency in the payment of the note.    Ac-

cordingly, to protect herself, she caused the amount of the note to be furnished said Robinson on the execution of an assignment of the mortgage to one Swain, which, with the note, was delivered to her agent, she intending to preserve her rights as assignee of the mortgage. Afterwards Swain assigned the mortgage to her and she foreclosed it, and the complainant in this action purchased the property at the foreclosure sale. The defendant has a title from the holder of the equity of redemption which is subject to this mortgage. The principal question in the case is whether the transfer of the note and the assignment of the mortgage to the original mortgagor after the premises had been sold subject to the mortgage, constituted in law a discharge of the mortgage so that it could not be enforced against the property.

We think it very clear that they did not. When the estate was sold subject to the mortgage, the mortgage was left as a primary charge upon the land, although the grantee did not make herself personally liable for it by assuming it. The grantor, who was the maker of the mortgage note, was entitled to have the mortgaged property applied in payment of it. To protect her own interests she might take an assignment of the mortgage and the debt, and enforce the mortgage by a foreclosure as effectually as if she was not the maker of the note. *Gibson* v. *Crehore*, 3 Pick. 475, 482. *Barker* v. *Parker*, 4 Pick. 505. *Swett* v. *Sherman*, 109 Mass. 231. *Tucker* v. *Crowley*, 127 Mass. 400. *Kinnear* v. *Lowell*, 34 Maine, 299. *Baker* v. *Terrell*, 8 Minn. 195. *Willard* v. *Harvey*, 5 N. H. 252. The question whether the debt, considered as a foundation for the mortgage title, had been cancelled and discharged, is very different from the question whether the personal liability of the maker of the note had been terminated, so that it would not exist in favor of one to whom the mortgage and note should subsequently be transferred for a valuable consideration.

It was important to know whether the money was given by Alice M. Pratt as a voluntary payment of a debt for which she was liable, or whether it was to obtain the benefit of the mortgage security for a debt which was a charge upon the land. The facts agreed in regard to her intention in paying the money were confirmatory of the apparent effect of the debt of the parties, and were unobjectionable.          *Judgment affirmed.*