## WINIFRED R. MORRIS, PETITIONER.

Middlesex, October, 1901.

*Mortgage — Discharge to Mortgagor After He Has Parted With the Equity of Redemption — Equitable Assignment.*

In this case the Examiner questions the effect of a discharge of mortgage made to a mortgagor after he had parted with his equity of redemption. The discharge is in ordinary form, acknowledging payment by the mortgagor, discharging the mortgage, and releasing and quit-claiming to the mortgagor and his heirs and assigns the premises. The Examiner expresses no personal opinion, but orally states the conflicting opinions and practice of conveyancers in the matter, and calls attention to some confusing decisions and dicta in the books, and to the fact that there seems to be no decision in this State squarely on the point. The practical question is whether a conveyancer may in such case rely upon the record, or must go outside and ascertain the circumstances under which the payment was made, and the " discharge " taken.

It is frequently said that an assignment will operate as a discharge, or a discharge as an assignment, according to the real interests, relations or intent of the parties, and regardless of the particular form or phraseology of the instrument. In a general way this is true, but in such cases the words " assignment " and " discharge " are not used in the technical sense in which they are used by conveyancers, and to a conveyancer the result is, therefore, confusing. A more accurate statement would be that an assignment often has

the same effect or result as a discharge, and that equity will sometimes cause the payment of the mortgage to effectuate, instead of a discharge, an assignment. A technical " assignment " and " discharge " are far from being interchangeable terms, and the principle of the common law by which an assignment is often given the practical effect of a discharge is a very different one from the rule of equity by which a payment and release may — under some circumstances — be given the effect of an assignment. The first is simply a case of merger. When the mortgage title and the equity of redemption come together in the same person without some intervening interest or estate to keep them apart they must merge. But if there be such intervening interest or estate then they cannot merge. Eaton v. Simonds, 14 Pick, 98. Loud v. Lane, 8 Met. 517. Crosby v. Taylor, 15 Gray, 64. Strong v. Converse, 8 Allen, 557. Smith v. Hitchcock, 130 Mass. 570. Keith v. Simonds, 159 Mass. 161. Whitney, Petitioner, Land Court Decisions, p. 43, *ante*.

Here again equity may — as always — interfere, and, as between the parties, assert an equitable intervening interest which will keep the estates apart, or destroy an inequitable interest and extinguish the debt. McCabe v. Swap, 14 Allen, 188. Ryer v. Gass, 130 Mass. 227. For the conveyancer, however, the question as to the legal title is simply, " is there anything to keep these estates asunder? " He may be put upon inquiry outside the record, but if not, and the two estates come together in the same person, then he can rest assured that what the law has joined together, will stay so.

Under the rule of equity, the decision whether payment of the mortgage to the mortgagee will operate practically as a discharge or an assignment seems to depend upon one simple question, viz.: " As between all the parties in interest, whose duty was it to pay the mortgage? " Strong v. Converse, 8 Allen, 557. Ryer v. Gass, 130 Mass. 227. Pratt v. Buckley, 175 Mass. 115. And cases next below.

If a man has assumed the burden of the mortgage debt, by covenant of warranty or otherwise, payment by him extinguishes the mortgage, even though he take a formal assignment. Wade v. Howard, 6 Pick. 492. Brown v. Lapham, 3 Cush. 551. Kilborn v. Robbins, 8 Allen, 466, 471. McCabe v. Swap, 14 Allen, 188. Wadsworth v. Williams, 100 Mass. 126. Swett v. Sherman, 109 Mass. 231. (Note:— And see Lydon v. Campbell, 198 Mass. 29.)

On the other hand, if the duty of payment be with the holder of the equity of redemption, payment by the mortgagor, even though it extinguishes the debt between him and his mortgagee, will still be held to operate as an assignment of the mortgage title. Hermanns v. Fanning, 151 Mass. 1. Pratt v. Buckley, 175 Mass. 115.

Where no duty appears and the payment is voluntary, as to an innocent purchaser a discharge is a discharge and the debt is extinguished, whatever the intent or interests of the parties. Eaton v. Simonds, 14 Pick. 98. Wedge v. Moore, 6 Cush. 8. Mansfield v. Dyer, 133 Mass. 374.

True as between the parties, there being no innocent purchaser's rights involved, equity will still interfere as in any other matter, and cancel a discharge or rectify an error where justice demands. Bruce v. Bonney, 12 Gray, 107. Davis v. Winn, 2 Allen, 111. Willcox v. Foster, 132 Mass. 320. Short v. Currier, 153 Mass. 182.

Where the instrument is neither an assignment nor a discharge, but a deed of quit-claim or release, it will be construed (like any other deed) in accordance with the intent of the parties. But this is very different from turning an assignment into a discharge or a discharge into an assignment interchangeably. Barker v. Parker, 4 Pick. 505. Wade v. Howard, 6 Pick. 492. Crosby v. Taylor, 15 Gray, 64. Wadsworth v. Williams, 100 Mass. 126. Tucker v. Crowley, 127 Mass. 400. Jager v. Vollinger, 174 Mass. 521.

I think, therefore, that payment by, and discharge in ordi-

nary form to, a mortgagor who has parted with his equity of redemption, operates as to an innocent purchaser, and in the absence of anything of record to prevent, purely as a discharge, and that no release from such mortgagor is necessary.

Decree for petitioner.