### SCRIBNER v. MALINOWSKI.

1. MORTGAGES — ASSIGNMENT TO MORTGAGOR — DISCHARGE OF MORTGAGE.

> A husband and wife executed a mortgage to secure the husband's note. Subsequently the husband quitclaimed his interest in the mortgaged premises to his wife, and afterwards they both executed another mortgage to the same persons to secure another note of the husband. The two mortgages were assigned to the husband upon payment of the principal and interest due, with the understanding that the assignor would return the money to the husband on the mortgages if he so desired. Afterwards the husband reassigned the mortgages to his assignor, and had his money returned according to agreement. The husband did not intend to discharge the mortgages. *Held,* that the payment and taking of the assignment by the husband did not discharge the first mortgage, since as between him and his wife he was under no obligation to pay the debt, but had a right to purchase the mort-

gage and compel the land to discharge the mortgage indebtedness.

2. SAME.

As the wife by virtue of the quitclaim deed was the owner of the property when the second mortgage was executed, she mortgaged her separate property to secure the payment of her husband's debt, their position being that of principal and surety, with the primary obligation resting upon the husband to pay the mortgage, and his payment of the amount due on it discharged the mortgage.

Appeal from Kent; Perkins, J. Submitted April 12, 1907. (Docket No. 68.) Decided May 18, 1907.

Bill by Nestell B. Scribner against Jan Malinowski and others to foreclose certain mortgages. From a decree for complainant, defendants appeal. Modified and affirmed.

*G. A. Wolf,* for complainant.

*Thompson & Temple,* for defendants.

BLAIR, J. Complainant filed the bill of complaint in this case to foreclose two mortgages of which he was the owner by assignment. The first mortgage was executed July 3, 1888, by the defendant Jan Malinowski and Florentyna, his wife, to secure the payment of a note for $700, of even date, given by Malinowski to M. G. and R. P. Clapp, payable, with interest at 7 per cent., July 3, 1892. The second mortgage was executed September 13, 1888, by and to the same parties, to secure payment of a note by Malinowski for $100, payable, with interest at 7 per cent., July 3, 1892. Prior to the execution of the second note and mortgage, and on July 30, 1888, Malinowski executed a quitclaim deed of the mortgaged property to his wife, Florentyna, for an expressed consideration of $700. Florentyna died September 14, 1892, leaving five children, one of whom has since died. The four surviving children, three of whom were minors, were joined with Jan Malinowski as defendants.

The two mortgages were on August 20, 1900, assigned by the Clapps to Andreas Koch, with a covenant that there was then due thereon $450 and interest from July 3, 1900. On January 2, 1903, Malinowski paid to Koch the principal and interest due on the mortgages, with the understanding that Koch would return the money to him on the mortgages, if he so desired, and Koch assigned the mortgages to Malinowski, with a covenant that there was $450 due thereon. On September 26, 1903, Malinowski assigned the mortgages to Koch with the same covenant, and Koch paid him $450. On January 19, 1905, Koch assigned the mortgages to the complainant, with a covenant that there was due thereon "four hundred and fifty dollars and interest from March 26, 1904."

The only question in the case which requires consideration is whether the effect of the transaction between Malinowski and Koch was to discharge the mortgages as a matter of law. We are satisfied, from the evidence and from the form of the transaction, that Malinowski did not intend to discharge the mortgages, and that the payment by him and taking the assignment did not discharge the first mortgage. The effect of the quitclaim deed was to convey the mortgaged premises to Florentyna, subject to the mortgage. As between him and his wife, Malinowski was under no obligation to pay the debt, and, in order to protect himself against being required to pay it, he had a right to purchase the mortgage and compel the land to discharge the mortgage indebtedness.

"When the estate was sold subject to the mortgage, the mortgage was left as a primary charge upon the land, although the grantee did not make herself personally liable for it by assuming it. The grantor, who was the maker of the mortgage note, was entitled to have the mortgaged property applied in payment of it. To protect her own interests, she might take an assignment of the mortgage and the debt, and enforce the mortgage by a foreclosure as effectually as if she was not the maker of the note." *Pratt* v. *Buckley*, 175 Mass. 115.

As to the $100 mortgage, the situation is radically dif-

ferent. Mrs. Malinowski did not take the premises subject to this mortgage. · At the time this mortgage was executed she was the owner of the property, and mortgaged her separate property to secure the payment of her husband's debt. As between her and her husband, he occupied the position of principal and she that of a surety. The mortgage was not the primary fund as between them; but the primary obligation rested upon the husband. It was the legal duty, therefore, of the husband to pay this mortgage, and his payment of the amount due upon it must be held to have discharged the mortgage as a matter of law. The interest paid by Malinowski prior to the sale to complainant cannot avail complainant, since he can only recover upon what he purchased and seeks to enforce in his bill of complaint.

The minority of part of the defendants has no relevancy to any of the questions presented by this record. Complainant is entitled to a decree of foreclosure of the mortgage of July 3, 1888, upon which there is due the sum of $350 for principal and interest at 7 per cent. from March 26, 1904.

The decree will be modified as above indicated, and, as so modified, is affirmed, with costs of this court to defendants.

McALVAY, C. J., and CARPENTER, GRANT, and OSTRANDER, JJ., concurred.