MARY McE. SHERWOOD & another *vs.* CLARENCE A. WARREN & others.

CLARENCE A. WARREN *vs.* MARY M. C. E. SHERWOOD & others.

Middlesex.    January 19, 1926. — March 1, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Subrogation. Dower. Mortgage,* Of real estate.

The owner of real estate subject to a mortgage gave a second mortgage thereon, which subsequently was foreclosed by a sale at which the second mortgagee was purchaser. The interest thus purchased afterwards was sold at a sale upon an execution, obtained by the original mortgagor against the second mortgagee, to an attorney of the original mortgagor who took title as attorney and held it to secure payment of a debt owed him by the original mortgagor. A purchaser of the first mortgage then began foreclosure proceedings and, in a suit in equity, the attorney who had taken title as purchaser at the execution sale claimed a right to pay the amounts due upon the first mortgage and note and expenses of foreclosure and to be subrogated to the rights of the first mortgagee; and the wife of the second mortgagee claimed a similar right of subrogation by reason of her inchoate right of dower, based upon the interest which passed to her husband as purchaser at the sale in foreclosure of the second mortgage. *Held*, that the right of the

attorney of the original mortgagor, as purchaser at the execution sale, to pay the first mortgage debt and to be subrogated to the first mortgagee's rights was paramount.

BILL IN EQUITY, filed in the Superior Court on December 26, 1924, and afterwards amended, by Mary McE. Sherwood and Flora B. Sherwood against Clarence A. Warren and Martin J. Griffin, seeking to enjoin the defendant Warren from proceeding with the foreclosure of a first mortgage given by the plaintiff to one Chandler and by him assigned to the defendant Warren, on certain premises at the corner of Franklin Street and Brookline Street in Cambridge; that Warren be ordered to transfer that mortgage to the plaintiffs or their order upon payment by them of amounts due on the mortgage note and reasonable expenses incurred in the foreclosure proceedings, and that the plaintiffs be subrogated to the rights of the defendant Griffin, who had purchased the equity of redemption of the premises at a sale in foreclosure of a second mortgage and upon whose rights in the premises the plaintiffs were about to levy under an execution issued on a judgment in their favor in an action against him.   Also a

BILL IN EQUITY, filed in the Superior Court on April 1, 1925, by Warren, one of the defendants in the first suit, to reach and apply toward payment of a debt, alleged to be owed to the plaintiff by the defendants Mary M. C. E. Sherwood and Flora B. Sherwood, their interest in certain land purchased by the defendant Charles W. Bond, as attorney for the Sherwoods, at a sale of land of one Martin J. Griffin to satisfy an execution of the Sherwoods against him, and conveyed by the Sherwoods to Mr. Bond "as he is attorney" for the Sherwoods.

In the first suit on March 30, 1925, Annie Griffin, wife of the defendant Martin J. Griffin, alleging that she had an inchoate right of dower in the real estate subject to the defendant Warren's mortgage, petitioned for leave to intervene for the purpose of contending that the defendant Warren be ordered to receive from her the sum or sums of money secured by his mortgage and thereupon to deliver to her the promissory note thereby secured, and that the same be

kept alive and enforced for her benefit. The petition to intervene was heard by *Sisk*, J., and was allowed.

In the first suit on July 6, 1925, Charles Wood Bond, alleging that he had purchased the interest of Martin J. Griffin in the real estate in question at a sale under execution issued upon the judgment in favor of the Sherwoods described in their bill, petitioned for leave to intervene in order to seek a decree whereby the mortgage and mortgage note, held by the defendant Warren, might be kept alive for his benefit as though he were an assignee in due course with all the rights of enforcement and transfer and all other rights that the defendant Warren had. The petition to intervene was heard by *McLaughlin*, J., and was allowed.

In both suits there were agreed statements of facts. Material facts are stated in the opinion. The suits were heard by *McLaughlin*, J., by whose order there was entered in the first suit a final decree adjudging the amount due the defendant Warren to be $7,388.79 and decreeing that after the intervening defendant Bond within thirty days had paid that amount with interest to the defendant Warren, the defendant Warren should surrender to the defendant Bond the notes secured thereby, possession of the mortgaged premises to be retained by the defendant Bond until he had been repaid that sum with interest thereon; and that, as to the plaintiffs Sherwood and the defendant Griffin, the suit be dismissed without costs. In the second suit a final decree was entered dismissing the bill with costs to the defendants.

In the first suit, the defendant Annie Griffin appealed. In the second suit the plaintiff Warren appealed.

*C. A. Warren*, pro se.

*F. W. Doring*, for Annie Griffin, intervenor.

*C. W. Bond*, pro se.

CARROLL, J. In these two cases it was agreed that the Sherwoods owned certain real estate which they had mortgaged, for $7,250, in 1913. In January, 1922, they executed a second mortgage subject to the prior mortgage on the same property to one Griffin. In June, 1922, Griffin foreclosed his mortgage and purchased the Sherwoods' equity of redemption at the foreclosure sale. They later attached

Griffin's interest in the real estate, and recovered judgment, Griffin's interest in the real estate being sold on execution to Charles W. Bond, then attorney for the Sherwoods, who now holds the title and who is under agreement upon payment to him of the debt owed him by them to make conveyance to them.

Clarence A. Warren purchased the first mortgage in order to protect the interests of Mr. and Mrs. Griffin. He has begun foreclosure proceedings. Mr. Bond, as attorney for the Sherwoods, has offered to pay Mr. Warren all sums due on the mortgage provided Mr. Warren would assign the mortgage to him. Annie Griffin, wife of the second mortgagee, has also offered to pay Mr. Warren the sum due on the mortgage provided it be delivered to her to be kept alive for her benefit.

In Sherwood *v.* Warren, the bill was dismissed; and it was ordered that the first mortgage be surrendered to Mr. Bond, who had intervened in the proceedings, upon payment of the amount due on the mortgage. The intervening petition of Annie Griffin was dismissed. Mr. Warren and Annie Griffin appealed.

In Warren *v.* Sherwood the plaintiff holder of the mortgage seeks to reach and apply the interest of the Sherwoods in the real estate standing in the name of Mr. Bond, their attorney. The bill was dismissed and the plaintiff appealed.

The principal question involved in this controversy is, whether Annie Griffin, who has an inchoate dower interest in the premises, or Mr. Bond, the purchaser of Griffin's interest in the real estate, should receive a surrender of the first mortgage with the right of subrogation.

The decree in each case was right. Mr. Bond was the owner of the equity; it would be inequitable to allow Mrs. Griffin to be subrogated to the right of the mortgagee. When a purchaser pays off a mortgage to which the right of dower would be subject, to clear the estate of the encumbrance and not because obliged to pay the mortgage debt, and takes an assignment of the mortgagee's interest, as explained by Wells, J., in *McCabe* v. *Swap*, 14 Allen, 188, 190, 191, the purchaser may stand on the mortgage title and no

dower can be assigned without payment of the mortgage debt by the demandant. If in such a case the mortgage is discharged, then the purchaser will be held to have redeemed and the widow will take her dower in the equity. *Gibson* v. *Crehore*, 3 Pick. 475, 482. *Lamb* v. *Montague*, 112 Mass. 352. G. L. c. 189, § 4.

When Mr. Bond purchased Griffin's interest at the execution sale, he held an unqualified title in the equity, to the same extent as if Griffin conveyed directly to him. *Barker* v. *Parker*, 4 Pick. 505. Being the owner of the equity, Mr. Bond had the right on payment of the amount due on the mortgage to be subrogated to all the rights of the mortgagee. *Taylor* v. *Wilcox*, 167 Mass. 572, 575. See *Swett* v. *Sherman*, 109 Mass. 231, 233.

One of the contentions of Mrs. Griffin is that Mr. Bond cannot be subrogated to the place of the mortgagee, because subrogation does not lie where the purchaser is paying off his own debt, — assuming that Mr. Bond purchased the equity as the attorney of the Sherwoods, the original mortgagors. After the conveyance of the equity of redemption to Griffin, the relation of the Sherwoods to the mortgagee became in a sense that of sureties, and if they had paid the note they would be entitled to be subrogated. To quote the language of Mr. Justice Morton in *North End Savings Bank* v. *Snow*, 197 Mass. 339, at page 341: ". . . in a case like the present the mortgagors are not regarded as being, in the strict sense of the word, sureties, but as being such only in the sense that they are entitled to have the security regarded as the primary fund for the payment of the debt." *Pratt* v. *Buckley*, 175 Mass. 115, 116.

The agreed statement of facts shows that Mr. Bond held the land as security for payment for the indebtedness of the Sherwoods to him. He would not be protected in his title if he was without the right of subrogation. For, if Mr. Bond paid the mortgage indebtedness and had no right of subrogation, Griffin might redeem from the execution sale, and Mr. Bond would then be left without protection for the amount paid. Such a result would be clearly inequitable. *Hermanns* v. *Fanning*, 151 Mass. 1, 3, 4.

The decree in Sherwood *v.* Warren directed Mr. Bond to pay to Mr. Warren $7,388.79 with interest at six per cent from the date of the decree: this was correct, G. L. c. 235, § 8. See *East Tennessee Land Co.* v. *Leeson*, 185 Mass. 4, 5. The decree in Sherwood *v.* Warren is affirmed. The decree in Warren *v.* Sherwood is affirmed with costs.

*Ordered accordingly.*