HOLLAND *et al. v.* CRAWFORD *et al.*

HINES, J. 1. The principle that where a demurrer to an equitable petition is overruled, and no exception is taken to the judgment overruling it, and the plaintiff offers evidence substantially as laid in the petition, it is reversible error for the court, at the conclusion of the plaintiff's evidence, to grant a nonsuit (*Brooks* v. *Rawlings,* 138 *Ga.* 310, 75 S. E. 157), is not applicable in this case, for the reasons (a) that after the rendition of such judgment the plaintiffs amended their petition is a material particular, and (b) that plaintiffs failed to prove their case as laid.

2. Where the owner of land encumbered by a security deed sold the same subject to the encumbrance, giving to the buyer a bond for title, under which the buyer assumed and agreed to pay off the encumbrance, and the owner remained liable for the debt, the security deed was left as a primary charge upon the land, and the seller was entitled to have the mortgaged property applied in payment of it. To this end the

vendor could procure the holder of the security deed to sell the land under the power of sale contained in the instrument, in order to relieve himself from liability upon the loan so secured; or, to protect his own interest, the vendor might take an assignment of the security deed and the debt, and enforce the same by exercise of the power of sale in the security deed as effectually as if he were not the maker of the note secured. Pratt *v.* Buckley, 175 Mass. 115 (55 N. E. 889) ; 5 Thompson on Real Property, § 4683.

3. The vendor in procuring from the ultimate transferee of the bond for title the surrender thereof, and of all of his right, title, and interest in and to the property therein described, did not thereby become liable to the plaintiffs upon any obligations created in their favor by persons to whom they had transferred the bond for title.

4. In procuring the holder of the security deed to sell the land under the power of sale therein contained, the vendor was not guilty of any fraud against the plaintiffs, who, as transferees of the bond for title, had each assumed and agreed, and were in duty bound, to pay the encumbrance upon the land; and the effect of such conduct on the part of the vendor was not an effort to hinder, delay, or defraud them of any of their rights under the bond for title.

5. The surrender of the bond for title to the vendor by the last transferee did not merge the absolute estate in the property in the vendor, nor did it make the vendor liable for the obligations of subsequent transferees to their transferors, but left the property still subject to the lien of the security deed; and when the property was sold under the power of sale therein contained, all equitable interests of the obligee in the bond for title, or of the successive transferees thereof, were thereby swept away.

6. In view of the rulings above stated, the court did not err in refusing to admit in evidence the notes given by Holland to Jones.

7. The judge did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 7144. JULY 12, 1929.

*Augustine Sams, John P. Haunson,* and *C. H. Feagan,* for plaintiffs.

*McClelland, Savage & Crawford* and *Franklin Nash,* for defendants.