CHAS. J. CLARK, Respondent, v. MYLES HENDERSON, Appellant.

(227 N. W. 185.)

Opinion filed October 22, 1929.

*Olaf Braatelien,* for appellant.
*T. S. Stuart,* for respondent.

CHRISTIANSON, J. This is an action to foreclose two certain real estate mortgage. The defendant interposed a demurrer to the complaint on the grounds:

1. That the court has no jurisdiction of the person of the defendant.
2. That the court has no jurisdiction of the subject of the action.
3. That plaintiff has not legal capacity to sue.
4. That there is a defect of parties defendant.
5. That two alleged causes of action have been improperly united.
6. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled and defendant appeals to this court.

The complaint, the sufficiency of which is challenged, sets forth two causes of action. The first cause of action is in substance that on December 1, 1918, the plaintiff Clark and his wife executed and delivered to the First State Bank of Crosby certain promissory notes and at the same time executed and delivered to that bank, to secure the payment of such notes, a real estate mortgage upon a one hundred sixty acre tract of land in Divide county in this state; that said mortgage was thereafter duly recorded in the office of the register of deeds of said Divide county; that at the time of the execution and delivery of said mortgage the plaintiff was the owner of the real property described in the mortgage and continued to be such owner up to January 21, 1926, "when the plaintiff herein sold said premises to the defendant herein, and executed and delivered to said defendant his warranty deed, and (by) the terms of sale of said premises, entered into and agreed upon by and between the plaintiff and the defendant herein, the said defendant assumed as part of the purchase price of said

premises and agreed to pay all incumbrances, including the mortgage hereinbefore described, and the notes secured thereby, then of record against said premises; that there is past due and unpaid on said notes and mortgage of the principal sum, the sum of one hundred twenty dollars ($120) with eighty dollars and eighty cents ($80.80) accrued interest thereon, making a total of two hundred dollars and eighty cents ($200.80)." It is further alleged that the mortgage was assigned by the First State Bank of Crosby to the First National Bank of Kenmare; and that it was again assigned by the First National Bank of Kenmare to the plaintiff; that said assignments were made for value, were in writing, and were duly recorded in the office of the register of deeds of Divide county and that by virtue of such assignments "the plaintiff became and is the owner of said mortgage and the holder of the notes secured thereby." It is further alleged that a power of attorney was executed and delivered to T. S. Stuart (plaintiff's attorney in this action), authorizing him to foreclose the mortgage. The second cause of action relates to a mortgage on another tract of land but the facts as regards the giving of the notes and the mortgage, plaintiff's ownership of the land, his conveyance to the defendant by deed containing a clause whereby the defendant assumed and agreed to pay the debt secured by the mortgage, defendant's failure to make payment and the assignment of the notes and mortgage to the plaintiff, and the execution of the power of attorney to foreclose, are identical with the allegations in the first cause of action. The prayer for judgment is that the plaintiff have judgment for the amount of the notes and that the land be sold to satisfy the judgment.

(1) The first four grounds of demurrer are so obviously without merit as to require no discussion. In appellant's brief they are, in fact, treated as in a sense dependent upon the last ground of demurrer, namely, that the complaint fails to state facts sufficient to constitute a cause of action.

(2) Logically the sixth and last ground should be first considered, for clearly there can be no misjoinder of causes if the complaint does not state a cause of action at all. Does the complaint state facts sufficient to constitute a cause of action? We are agreed that it does. The contention of the appellant that the complaint fails to state a cause of

action is predicated upon the proposition that when the plaintiff took an assignment of the notes and mortgages which he had executed, this operated in law as a discharge of the notes and mortgages and that, consequently, they cannot be enforced, either against the defendant or the land. Appellant's contention completely ignores the status of the plaintiff and the defendant, created by the assumption agreement, and their respective obligations and liabilities arising out of it. It is admitted that the defendant expressly assumed and agreed to pay the debts secured by the mortgages in question and that the amount thereof was deducted from the purchase price. As a result of this agreement, as between the defendant and the plaintiff, the defendant, Henderson, became the principal debtor and Clark a surety. 19 R. C. L. p. 373; 2 Jones, Mortg. 8th ed. § 920; McDonald v. Finseth, 32 N. D. 400, 408, L.R.A.1916D, 149, 155 N. W. 863; see also Moore v. Booker, 4 N. D. 543, 62 N. W. 607. Defendant's contract of assumption was an agreement, not merely of indemnity, but to pay the debt (19 R. C. L. p. 374) and rendered him personally liable for the payment of the debt. Note in 78 Am. Dec. p. 83. See also Mc-Donald v. Finseth, 32 N. D. 400, 408, L.R.A.1916D, 149, 155 N. W. 863. As between the plaintiff and the defendant the debt secured by the mortgage was the defendant's debt and the plaintiff was under no obligation whatsoever to pay it. Scribner v. Malinowski, 148 Mich. 446, 111 N. W. 1032. The plaintiff, Clark, might have maintained an action to compel, or enforce, payment of the debt when it became due (19 R. C. L. p. 374; note in 78 Am. Dec. p. 80); or he had the right, as he did, to take an assignment of the mortgage to himself and bring action to foreclose. Scribner v. Malinowski, supra; 19 R. C. L. p. 374; note, 78 Am. Dec. p. 79. See also Pratt v. Buckley, 175 Mass. 115, 55 N. E. 889. We are wholly agreed that the complaint in this case clearly states two valid and existing causes of action against the defendant.

Is there a misjoinder of causes of action? This question is answered by our statute. Section 7466 Comp. Laws 1913 provides:

"The plaintiff may unite in the same complaint several causes of action, whether they are such as have heretofore denominated legal or equitable, or both, where they all arise out of:

"1. The same transaction, or transactions connected with the same subject of action; or

"2. Contract, express or implied; . . ."

The two causes of actions set forth in the complaint here are both predicated upon express contract. According to the unequivocal provisions of our statute they may be joined in one action. The order appealed from must be and it is affirmed.

BURKE, Ch. J., and NUESSLE, BURR, and BIRDZELL, JJ., concur.