GROOVER *et al. v.* BRANDON *et al.*

WYATT, Justice. 1. This case was previously before this court for' the purpose of reviewing rulings on demurrer. *Groover* v. *Brandon*, 200 *Ga.* 153 (36 S. E. 2d, 84). A full statement of the facts appears in that case, and will not be repeated here. After the rulings on demurrer had been reviewed, the case was tried, resulting in the direction of a verdict for the plaintiff. The only material fact appearing in the instant case which did not appear when the case was first before this court is that Groover, on the same date the property was conveyed to him by Mrs. Brandon for the purpose. of his securing a loan on her behalf, conveyed the property back to Mrs. Brandon, subject to the loan which he had secured on the property. When the case was first before this court· it was held that the petition alleged sufficient facts to establish the fact of agency. The contention is now made that, when it appeared upon the trial that Groover, after obtaining the loan, conveyed the property back to Mrs. Brandon, subject to the loan, the agency then terminated. If nothing further appeared, this position would be correct. See *Atlanta Savings Bank* v. *Spencer*, 107 *Ga.* 629 (5) (33 S. E 878); *Holland* v. *Crawford*, 168 *Ga.* 792 (2) (149 S. E. 201). However, in the instant case the jury would have been authorized to find that the agency did continue after the property had been conveyed by Groover to Mrs. Brandon, if the jury believed the contention of Mrs. Brandon to the effect that,. under an agreement between the parties, all payments on the bank loan were to be made through Camp and Groover, who were obligated to make the payments to the bank and keep Mrs. Brandon advised as to any effort on the part of the bank to foreclose. This was a disputed fact, Camp and Groover denying that there was any such agreement. This raised an issue of fact that should have been submitted to the jury. Accordingly, the trial court erred in directing a verdict for the plaintiff.

2. The assignment of error, complaining of the refusal to grant a nonsuit, is controlled adversely to the plaintiffs in error by the ruling made in the preceding division of this syllabus.

3. The assignments of error based upon the refusal to give written requests to charge, in the state of the record, are palpably without merit.

4. The trial court did not err in sustaining a demurrer to an amendment to the answer, which alleged facts antedating the foreclosure proceeding by the bank, and which constituted no valid defense.

*Judgment reversed. All the Justices concur.*

No. 15800. APRIL 17, 1947. REHEARING DENIED MAY 16, 1947.

*W. D. Thomson* and *G. S. Peck,* for plaintiffs in error.
*Kelley, Hamrick & Coogler* and *Frampton E. Ellis,* contra.