## JACOB BOCK *vs.* JOHN E. GALLAGHER.

The defendant, owner of an equity of redemption in land, subject to a power of sale mortgage to secure his promissory note, conveyed it by a deed by which the grantee assumed and agreed to pay the mortgage ; the grantee conveyed the estate to the plaintiff with full covenants of warranty; the mortgagee advertised the land for sale under the power; the plaintiff, to prevent the sale, paid the mortgage together with the expenses of advertising the sale, and the mortgagee indorsed the mortgage note to him. In an action on the note and to recover the amount of expenses paid, *Held*, that the plaintiff could recover upon the note, but could not recover for expenses, there being as to these no privity between the parties to the suit.

CONTRACT upon a promissory note for $2000, dated August 18, 1870, signed by the defendant, payable to one Asa French or order in one year from date with interest at seven per cent. per annum till paid, and indorsed to the plaintiff by French without recourse. The declaration also contained a count for money paid by the plaintiff to French for the expenses incurred by French in advertising for sale a parcel of real estate in Boston, the equity of redemption of which was owned by the plaintiff, and of which French was mortgagee under a mortgage containing a power of sale.

The case was submitted, in the Superior Court, upon an agreed statement of facts, from which it appeared that the defendant, August 18, 1870, being seised of the premises, subject to a mortgage to one Eleanor Barrett for $8000, by his mortgage deed of that date with power of sale, conveyed them to French to secure the payment of the note set forth in the declaration ; that October 4, 1870, the defendant by deed of warranty, in the common form, conveyed the premises to his brother, William Gallagher, subject to the two mortgages, which the " said grantee assumes and agrees to pay ; " that June 20, 1871, William Gallagher conveyed the premises to the plaintiff by deed of warranty, in the

common form, subject to the mortgage to Eleanor Barrett only; that William Gallagner had agreed with the plaintiff that the mortgage debt to French should be paid before the delivery of the deed, and the plaintiff, believing that there was no other incumbrance upon the estate, and as the consideration of his deed from William Gallagher, paid the full value of the estate above the Barrett mortgage; that subsequently, the mortgage debt not having been paid at its maturity, French advertised the premises for sale, under the power contained in the mortgage, and for breach of the condition thereof; that the plaintiff, to prevent the sale and the foreclosure of the mortgage, was compelled to pay the amount of the mortgage debt to French, together with the expenses incurred by French in advertising the sale; that French thereupon indorsed the note to the plaintiff without recourse; that French had not assigned the mortgage to the plaintiff unless the indorsement of the note operated as an assignment, neither had it been discharged; and that the plaintiff had recovered a judgment against William Gallagher, upon the covenants in his deed to the plaintiff, which judgment had not been paid.

In the Superior Court, judgment was ordered for the plaintiff, and the defendant appealed.

*C. R. Train*, for the plaintiff.

*N. Morse & W. E. L. Dillaway*, for the defendant.

GRAY, C. J. The plaintiff, being the owner of the equity of redemption, was bound, as between himself and the mortgagor, to pay the note secured by the mortgage. But he was under no such obligation to any previous owner of the equity. The defendant, as maker of the note, was liable thereon to any person who took it for valuable consideration. The agreement of his brother and grantee to assume and pay the mortgage was an agreement between them only, and did not extinguish his liability on the note. The plaintiff, having paid the full amount of the note to the mortgagee, and having had the note indorsed to him, is entitled to recover the amount thereof from the defendant.

As to the further amount paid by the plaintiff to the mortgagee for the expenses of advertising the land for sale under the

power in the mortgage, there is no such privity between the plaintiff and the defendant as to sustain this action.

*Judgment for the plaintiff for the amount of the note and interest.*