ALEXANDER CAMPBELL *vs.* INHABITANTS OF SOMERVILLE.

The plaintiff contracted with the defendant town to dig trenches in its streets for the lay-ing of water-pipe, he to guard and light them and to be responsible for all damages caused by neglect, twenty per cent. of his pay being reserved till the end of the work as a guaranty for the performance of the contract, and any damages to person or property caused by his negligence to be deducted from the twenty per cent. reserved. Suit hav-ing been brought against the town for personal damage caused by falling into one of the trenches, the plaintiff was notified and assisted at its defence, and, the issue to the jury being whether the trench was properly guarded and lighted, a recovery was had against the town. In an action by the plaintiff against the town to recover pay for digging the trenches, *Held*, that the town and the plaintiff were not in *pari delicto*, and that the town could recoup in damages the amount paid by them in the former suit, although it ex-ceeded twenty per cent. of the contract price.

CONTRACT to recover $3031.23 and interest, money alleged to be due under a written contract for excavating trenches in the streets of Somerville for the laying of water-pipes. The mate-rial parts of the contract were as follows:

" The said party of the first part [the plaintiff] shall at his own expense guard and light the trenches by night for the protection of travellers and their property, and all ordinances of the town of Somerville, relative to the safety and convenience of the inhabi-tants, shall be strictly complied with ; and the said party of the first part shall be liable and responsible for all damages that may occur from his neglect in complying with these requirements.

" Payments are to be made monthly, as the work progresses, in current funds, reserving twenty (20) per centum of the amounts due, until the final completion of the work; as guaranty for the true and faithful performance of this contract.

" And it is further agreed by both parties to this agreement, that any expense attending any injury to the pipe, after it shall have been laid, or in refilling the trench, or any injury to any other pipe, drain, &c., or any damages to persons or their prop-erty, caused by the negligence or inattention of said party of the first part or his agents, or by his imperfectly guarding or lighting the trenches, shall be, by said party of the second part, [the de-fendant,] deducted from and paid out of said twenty per centum of all moneys held in reserve by them, if such expenses are not paid for by said party of the first part."

The defence was that the town had been compelled to pay a judgment of $8595.95 recovered against them for personal damage received by one who fell into a trench insufficiently lighted and guarded by the plaintiff; and the defendant claimed the right to recoup this sum in damages.

The case was submitted to the court upon an agreed statement of facts, from which it appeared that a portion of the work performed by the plaintiff was done in Washington Street, in Somerville; that while the work was in progress, one Emma Maria Brooks fell into a trench dug by the plaintiff, and received injuries, and afterwards brought an action therefor against the town; that this action was duly entered, and the defendant notified of its pendency and of its nature, and that the town would hold him responsible for all damages recovered, and was given an opportunity of defending the action himself or of furnishing any evidence he wished for the defence; that the plaintiff rendered aid in the defence of the action; that at the trial it was ruled as matter of law, to which no exception was taken, that the town of Somerville had the right to make excavations in the public street for the purpose of laying down water-pipes, and that if under the direction of a competent engineer, the work done was kept within that lawful use of the highway, the excavation would not, of itself, be a defect for which the town was liable, if the jury were satisfied that it was properly guarded and lighted at night for the protection of travellers; that no question was made as to the legal authority or right of the town to locate and dig the trench; that the only question submitted to the jury, as the ground of the defendant's liability, was whether the trench was in fact properly guarded and lighted, with reference to its depth, its location, and the danger to which the traveller was exposed; that the jury found a verdict against the town; and that judgment was entered upon the verdict, and paid by the defendant.

It was further agreed that if upon these facts the defendant was entitled to use the amount paid on the judgment, or any part of it, by way of recoupment, then judgment was to be entered accordingly; otherwise the defendant was to be defaulted for the amount declared on.

*S. C. Darling*, for the plaintiff.

*J. P. Converse*, for the defendant.

Colt, J. The plaintiff sues to recover for work done under a contract with the town. The defendant claims the right to recoup the amount paid by the town on a judgment in favor of Mrs. Brooks, for damages for an injury occasioned by a defect in the highway. The work sued for was done under a written contract by which the plaintiff agreed to make the excavations required for the laying of water-pipes in that town. It was provided by the contract that the plaintiff should at his own expense guard and light the trenches by night for the protection of travellers and their property, and should be liable and responsible for all damages that might occur from his neglect to comply with the requirement.

The action in which Mrs. Brooks recovered a judgment against the town, was for an injury suffered by falling in the night-time into the trench which the plaintiff had excavated in the performance of his contract. The plaintiff was notified of its pendency, and had liberty to assume its defence, and furnish any evidence he might see fit. He did in fact aid in the defence of the action At the trial, the only question submitted to the jury, as the ground of the defendant's liability, was whether the trench was in fact properly guarded and lighted, with reference to its depth and location. It was ruled, without objection, that the town had the right to make excavations in the streets for the purpose of laying water-pipes, and no question was made as to the right of the town to locate and dig this trench. *Brooks* v. *Somerville*, 106 Mass. 271.

Upon these facts, the defendant is entitled to use the amount paid on the judgment by way of recoupment or set-off to the plaintiff's claim. The sufficiency of the lights and guards provided by the plaintiff was the only issue submitted to the jury. The plaintiff must be treated as a party to that suit, and the judgment is conclusive upon him as to all facts in issue. *Chamberlain* v. *Preble*, 11 Allen, 370. The damages which the defendant seeks to set off arose from the non-performance by the plaintiff of the same contract on which he relies to maintain his action

and their allowance by way of defence to the contract declared on will operate to prevent circuity of action. *Sawyer* v. *Wiswell*, 9 Allen, 39. *Hodgkins* v. *Moulton*, 100 Mass. 309. They are conclusively ascertained by the judgment.

It is too late, under the decisions of the court, to object that it is against public policy to allow the set-off claimed, or that the parties are to be treated as in *pari delicto*, so that neither is entitled to contribution or indemnity. *Lowell* v. *Boston & Lowell Railroad Co.* 23 Pick. 24, 31. *Boston* v. *Worthington*, 10 Gray, 496.

But the plaintiff insists that in no event, under the terms of this contract, can the amount allowed in set-off exceed twenty per cent. of the balance sued for.

Under the contract, payments were to be made monthly, reserving twenty per cent. of the amount due until the completion of the work, " as guaranty for the true and faithful performance of the contract." And it was agreed that damages caused by the plaintiff's negligence under the contract should be deducted by the defendant, and paid out of the twenty per cent. reserve. These clauses were intended for the defendant's security. But we cannot interpret them as limiting the plaintiff's liability for negligence under a previous clause, or as depriving the town of any other remedy which it might have for a violation of the contract. *Judgment for the defendant.*