HOME SAVINGS BANK *vs.* CITY OF BOSTON.

Suffolk.    March 9, 1880. — June 28, 1881.    ENDICOTT, FIELD & DEVENS,
JJ., absent.

A mortgagee of land, whether in possession, before foreclosure, or out of possession, who purchases the land at a sale thereof for nonpayment of taxes, is entitled, under the St. of 1862, *c.* 183, § 6, to have the purchase money repaid him in case the sale is invalid.

A mortgagee of land, who has, after the assessment of a tax, become the absolute owner by purchasing at a sale under a power in his mortgage, and who buys the land at a sale thereof for nonpayment of taxes, is not entitled, under the St. of 1862, *c.* 183, § 6, to have the purchase money repaid him, although such sale is invalid.

In an action, under the St. of 1862, *c.* 183, § 6, by the purchaser of land sold for nonpayment of taxes, against a city, for breach of the special warranty in the collector's deed, the defendant cannot set off its claim for the taxes, although the plaintiff, being a mortgagee in possession, is liable to pay the same.

MORTON, J.    This is an action brought under the St. of 1862, *c.* 183, § 6,* to recover the amounts paid to the city of Boston for several parcels of land sold for the nonpayment of the taxes thereon, and bought by the plaintiff. It is admitted that the several deeds given by the collector are void for informality in the notices of the sales. It is also admitted that the plaintiff has offered to surrender and cancel the deeds, and is entitled to recover, unless its relation to the estates sold and to the city was such as to deprive it of this right.

The estates sold and the amounts for which they were taxed and sold appear in an exhibit annexed to the statement of facts upon which the case was argued before us. They are numbered in items from one to fifteen.

As to one parcel, the plaintiff had no relation to the estate except that of a purchaser at the sale, and it is admitted that it

---

\* This section provides that the collector of taxes shall insert in the deed which he executes and delivers " a special warranty that the sale has in all particulars been conducted according to the provisions of law; " and that, " if it should subsequently appear that, by reason of any error, omission or informality, in any of the proceedings of assessment or sale, the purchaser has no claim upon the property sold, there shall be paid to said purchaser, upon his surrender and discharge of the deed so given, by the town or city whose collector executed said deed, the amount paid by him, together with ten per. cent interest per annum on the same, which shall be in full satisfaction of all claims for damages for any defect in the proceedings."

is entitled to recover this item. As to ten other parcels, the plaintiff was mortgagee, but, at the time of the sale it had not entered to foreclose, and was not in possession; as to three other parcels, it had taken possession as mortgagee before the sale, but the mortgages were not foreclosed; as to the remaining parcel, it had foreclosed its mortgage by a sale under the power therein, and, being the purchaser at such sale, was the absolute owner of the estate at the time of the collector's sale.

We are not able to see any valid reason why a mortgagee of an estate sold for taxes, not in possession, may not be a purchaser at a tax sale, and acquire all the rights against the city which the laws give to any other purchaser. He stands in no relation to the city inconsistent with the right to bid and purchase. It is true he has the right to pay the tax and to add it to the principal sum secured by his mortgage, as against the mortgagor. Gen. Sts. c. 12, §§ 39–41. But he is not obliged to do so: this provision was intended for his greater security, and cannot take away or limit his right to protect his interest in any other manner. He is under no obligation to the city; and it is not injured, but benefited, by his bidding in competition with others. He becomes bound to the city by his purchase, the same as any other purchaser would be; his relation to the mortgagor may affect his rights as against him, but as to the city he is a stranger; the fact that he is interested in the estate as mortgagee does not affect the rights or interests of the city, and cannot be set up by it as a defence in a suit for the breach of its covenants in its deed. The plaintiff therefore is entitled to recover those items which relate to estates of which it was not in possession at the time of the sale.

Another class of the items relates to estates of which the plaintiff was in possession as mortgagee at the time of the sale. As to such estates, the relation which the mortgagee sustained to the city was different from that as to the others, but we think the result is the same. The plaintiff was liable to the city for the taxes upon such estates, the statutes providing that a mortgagee upon taking possession of real estate under his mortgage shall be liable to pay all taxes due thereon and the expenses of any sale which has been commenced or taken place, to be recovered in an action of contract by the collector. Gen. Sts.

*c.* 12, § 40. *Andrews* v. *Worcester County Ins. Co.* 5 Allen, 65. Where, as in this case, the city assesses taxes upon the mortgagor, who, for purposes of assessment, is deemed to be the owner until the mortgagee takes possession, (Gen. Sts. *c.* 11, § 8,) and the mortgagee afterwards takes possession, this statute gives to the city an additional remedy by a suit against the mortgagee; but it does not take away or affect its right to proceed to collect the taxes by a sale of the estate. If the city elects to proceed by a sale, it adopts a remedy which has no relation to the liability of the mortgagee, but is an entirely independent transaction. Instead of calling upon him to pay the taxes, it chooses to treat him as a stranger. Not having been called upon, the mortgagee is in no respect delinquent or in default, and we see no reason why he, as well as a mortgagee not in possession, may not bid at the sale and protect his interests by purchasing the tax title. The amount he bids may be greater or less than the taxes; if greater, the balance is to be paid by the city to the mortgagor, to whom the tax is assessed, and who is for purposes of taxation the owner; it is not bid or paid as taxes, but as the price of an estate of which the city gives him a tax title. The fact that he is liable to the city for the taxes in another form of remedy is not inconsistent with his right to purchase at the tax sale, and does not authorize the city to change the transaction which both parties understood as a sale into a mere payment of taxes. We are of opinion that, as to these items, the plaintiff, having in good faith purchased at the sale, has the same rights which any other purchaser would have; and, as the deeds given by the city are invalid, may require it, by repaying the consideration paid therefor, to place the plaintiff in the same position it would have held if no sale had been made.

As to the item numbered 2, a different question is presented. The plaintiff was at the time of the collector's sale the absolute owner of the lot referred to in this item. It seems to us that the owner sustains a relation to the estate which is inconsistent with the right to be a purchaser at a tax sale. The statutes do not contemplate that he can be a purchaser. That which is to be sold is the right and interest of the owner. By virtue of the collector's deed this interest passes out of the owner to the purchaser. The owner has the right to redeem from the purchaser.

The collector is to pay over to the owner whatever balance of the purchase money may remain after satisfying the taxes and charges. All these features of the transaction go to show that the same person cannot consistently be both owner and purchaser. The plaintiff was not the owner at the time of the assessment of the tax, but by the foreclosure of its mortgage it acquired complete ownership, and was substituted to all of the rights of the mortgagor. The sale was a mere form, which worked no change of title, and of which the only result was the payment to the city, by the owner, of the taxes and charges for which his estate was liable. We are of opinion that it operated as a payment of the tax, and that the plaintiff cannot recover it back.

The defendant contends that it has the right to avail itself in defence, by way of set-off or recoupment, of the taxes due upon the estates of which the plaintiff was in possession at the date of the writ. It is clear that a claim for taxes, not being a demand founded upon a judgment or upon a contract, is not within the statutes of set-off. Gen. Sts. *c.* 130, § 2. *Peirce* v. *Boston*, 3 Met. 520.

The doctrine of recoupment rests upon the principle that it is just and equitable to settle in one action, thus avoiding a multiplicity of suits, all claims growing out of the same contract or transaction. But it does not authorize the court to extend the statute of set-off, and allow a claim by way of recoupment which is founded upon an independent and distinct contract or transaction. *Sawyer* v. *Wiswell*, 9 Allen, 39. *Campbell* v. *Somerville*, 114 Mass. 334. *Bartlett* v. *Farrington*, 120 Mass. 284.

In the case at bar, the plaintiff's claim is for damages for a breach of the special covenant in the deed of the defendant; the defendant's claim is for taxes, which is an independent matter, not connected with or growing out of the contract or transaction upon which the plaintiff sues. We are of opinion that it is not within the principle which allows recoupment, but that the defendant's remedy is by a cross action.

The result of the whole case therefore is, that the plaintiff is entitled to recover all of the items of his claim, except the item numbered two. *Judgment for the plaintiff accordingly.*

*J. O. Teele*, for the plaintiff.

*E. P. Nettleton*, for the defendant.