SEYMOUR W. STEVENS & another *vs.* ESTHER COHEN & another.

Suffolk.   December 14, 1897. — March 30, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mortgage — Validity of Foreclosure — Tax — Statute — Equity — Decree.*

In September, 1896, A. conveyed land to B. by a warranty deed, which recited that "said conveyance is made subject to an encumbrance of eight thousand dollars, interest and taxes for the year of 1896, which interest and taxes the grantee agrees to pay." On the same day, B. conveyed the land to A. by a deed of mortgage, which recited that "said premises are conveyed subject to an encumbrance of eight thousand dollars"; and which contained covenants against encumbrances and of warranty, "except as aforesaid," and a condition that B. should pay A. a certain sum within a time named, "and until such payment shall pay all taxes and assessments, to whomsoever laid or assessed," on the premises, and which also contained a power of sale. The taxes for 1896

were assessed in May of that year to A., who, the same being unpaid, in May. 1897, after an entry upon the premises for breach of condition, and after notice to B., sold the premises for non-payment of the taxes to a third person, who reconveyed them to A. *Held*, on a bill in equity by B. against A., that the condition in the mortgage in regard to taxes applied to a tax already assessed, as well as one to be assessed in the future; and that A. had a right to foreclose the mortgage at the time when he did.

A mortgagee of land, the tax upon which is overdue, and which the mortgagor has covenanted to pay, is not bound to wait until the land is levied upon before proceeding to foreclose the mortgage.

The right given by St. 1888, c. 390, § 60, to the holder of a mortgage of land to pay the tax assessed thereon, cannot be considered as interfering with his rights under the mortgage, but merely as giving an additional remedy.

The plaintiff in a bill in equity to remove a cloud upon the title to land cannot complain because, under the prayer for general relief, the court has entered a decree for redemption of the land from a mortgage.

BILL IN EQUITY, filed May 29, 1897, in the Superior Court, by Seymour W. Stevens and Sarah E. Stevens, his wife, against Esther Cohen and George Cohen, her husband, to remove a cloud upon the title to certain land in Boston. At the hearing, a decree was entered for the plaintiffs; and they appealed to this court. The facts appear in the opinion.

*C. F. Spear*, for the plaintiffs.

*C. Hunneman*, (*B. A. Beal* with him,) for the defendants.

LATHROP, J. This is a bill in equity, filed in the Superior Court on May 29, 1897, to remove a cloud upon Mrs. Stevens's title to a lot of land in Boston. The only papers before us are the bill and certain exhibits referred to therein; the answer, which admits some of the allegations of the bill and denies others, and also sets forth certain facts; a decree which allows Mrs. Stevens to redeem upon the payment of certain amounts within a time stated, and orders that if she fails to redeem within that time the bill is to be dismissed, with costs; and an appeal from this decree. Whether the case was heard upon the bill and answer or not does not appear. There does not, however, appear to be any matter of fact now in dispute, so far as concerns the questions of law argued before us, and we proceed to consider the case.

On September 8, 1896, Mrs. Cohen conveyed by warranty deed to Mrs. Stevens the land in question. The deed contained the following: "Said conveyance is made subject to an encumbrance of eight thousand dollars, interest and taxes for the year of 1896, which interest and taxes the grantee agrees to pay."

On the same day Mrs. Stevens conveyed the premises in mortgage to Mrs. Cohen. After the description, and before the habendum were these words: "Said premises are conveyed subject to an encumbrance of eight thousand dollars." The deed contained a full covenant of seisin, and covenants against encumbrances and of warranty, "except as aforesaid." The deed also contained the condition that Mrs. Stevens should pay to Mrs. Cohen the sum of three thousand dollars in two years from date, with interest semiannually at the rate of six per cent per annum, "and until such payment shall pay all taxes and assessments, to whomsoever laid or assessed, whether on the granted premises or on any interest therein, or on the debt secured thereby"; and the condition that Mrs. Stevens should not suffer "any breach of any covenant herein contained." There was also the usual power of sale.

The taxes for the year 1896 were assessed to Mrs. Cohen. On March 17, 1897, these taxes remaining unpaid, she notified Mrs. Stevens in writing that, unless the taxes were paid by her by March 22, 1897, she would advertise the property for sale under the power contained in the mortgage given by Mrs. Stevens. On May 4, 1897, the premises were sold under the mortgage, for breach of condition thereof in the non-payment of taxes, to a third person, who immediately reconveyed the premises to Mrs. Cohen.

On May 4, 1897, Mrs. Cohen, before the sale, made an entry on the premises for the purpose of taking possession thereof for breach of condition, and caused a certificate thereof to be recorded in the registry of deeds.

The principal question in the case seems to be whether the mortgagee had the right to foreclose the mortgage because the taxes for the year 1896 had not been paid by May 4, 1897.

The contention of Mrs. Stevens is, that there was no default in the condition of the mortgage, for the reason that the condition to "pay all taxes and assessments, to whomsoever laid or assessed," applied only to a tax or assessment subsequently assessed or laid. But it is apparent that the deed to Mrs. Stevens and the mortgage back were parts of the same transaction, or at least the judge may have so found. The deed recited that the conveyance was made "subject to an encumbrance of eight

thousand dollars, interest and taxes for the year of 1896, which interest and taxes the grantee agrees to pay." When, therefore, the mortgage states that the premises are conveyed subject to an encumbrance of eight thousand dollars, and omits in this connection all reference to interest and taxes, and contains a covenant that the premises are free from all encumbrances except as aforesaid, there can be no doubt that the condition in regard to taxes applies to a tax already assessed, as well as to one to be assessed in the future.

Mrs. Stevens next contends that Mrs. Cohen had no right to foreclose at the time she did. Taxes in Boston are assessed as of May 1, in each year, and are committed to the collector. They are payable on October 1. Interest at the rate of six per cent is charged for such time as taxes remain unpaid after November 1, and seven per cent for such time as they remain unpaid after January 1 following. By the St. of 1889, c. 334, § 9, taxes on real estate constitute a lien from May 1 until the expiration of two years from October 1, and, if the tax remains unpaid for fourteen days after a demand therefor, it may be levied by a sale of the estate within the two years, or after the expiration of the two years, if the estate has not been alienated before the giving of the notice of sale. The demand is contained in the tax bill. See St. 1888, c. 390, schedule of forms.

The tax in question in this case was due at least by November 1, 1896. *Silva* v. *Turner*, 166 Mass. 407, 411. Up to the time of the sale, May 4, 1897, Mrs. Stevens had not paid the tax. In the mean time interest on it was accumulating, and the security of the mortgagee was diminishing. The land was liable to be sold at any time. We are of opinion that the mortgagee was not bound to wait until the land was levied upon before proceeding to foreclose the mortgage. See *Condon* v. *Maynard*, 71 Md. 601.

The right given to the holder of a mortgage, by the St. of 1888, c. 390, § 60, to pay the tax, cannot be considered as interfering with his rights under the mortgage, but merely as giving an additional remedy.

Mrs. Stevens further contends that under the prayer for general relief the court below could not enter a decree for redemption. But she has no ground of complaint if the decree is more

favorable to her than any prayer of the bill warranted.   The decree ordered the bill to be dismissed, with costs, unless Mrs. Stevens redeemed within a certain time.   The defendants make no objection to the decree.   If Mrs. Stevens does not choose to redeem, her bill must be dismissed.       *Ordered accordingly.*