THE RUGGLES LIGHTNING ROD COMPANY *vs.* WILLIS B. AYER.

Penobscot.　　Opinion June 26, 1924.

*A demand in set-off must be pleaded in substance as certain as in a declaration, and for a liquidated sum, or for one ascertainable by calculation. A claim by way of recoupment must be one resulting from a breach of the same contract or transaction as that on which the suit is founded, and not one arising from a new and independent agreement which in no way is a part of the consideration for the original contract.*

In this case the alleged agreement is so far independent of the note that either contract could be enforced without a previous or contemporaneous performance of the other.

A defendant may recoup damages arising out of a breach of the same contract or transaction as that sued on, or arising out of one part of a contract consisting of mutual stipulations made at the same time, and relating to the same subject matter, where plaintiff sues on another part of the contract.

On exceptions. An action on a promissory note. Defendant pleaded the general issue and under a brief statement filed an account in set-off and also a claim in reduction of damages by way of recoupment. At the conclusion of the evidence on motion by counsel for the plaintiff the presiding Justice directed a verdict for plaintiff and defendant excepted, and also excepted to the exclusion of certain evidence. Exceptions overruled.

The case is fully stated in the opinion.

*Ross St. Germain and Clinton C. Stevens,* for plaintiff.

*L. B. Waldron,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, STURGIS, BARNES, JJ.

BARNES, J.   Suit is brought on a promissory note given in part payment, on June 17, 1923, of an account for merchandise sold and delivered in the course of transactions between the parties begun in March or April of the preceding year.   Verdict for the plaintiff was directed by the court below and the matter comes to this court on exceptions; first, to the exclusion of testimony as to loss, claimed by way of set-off, and, second, to the direction of verdict.

Pleading in set-off must be in the manner prescribed by statute, R. S., Chap. 87, Sec. 74, "in substance as certain as in a declaration," and, when founded on a contract, for the price of personal estate sold, by the succeeding section, it must be "for a liquidated sum, or for one ascertainable by calculation."

Such evidence as the record discloses shows conversation regarding a contract of sale by the maker of the note in suit, subject a pair of colts, but the pleading in set-off is not for a liquidated sum, the damages not ascertainable, and the evidence offered was properly excluded.  So the first exception fails.

By his pleadings, in brief statement, defendant admits giving the note sued on, and alleges that at the time of giving this note he entered into a contract with the plaintiff under which he claims recoupment in this action.

He testifies that when the plaintiff, by Mr. Ruggles, its treasurer, visited defendant's store, in October, 1922, defendant gave a note, a renewal of which is the note in suit, and that plaintiff then and there contracted with defendant to receive at some time in future, when defendant should have decided that he could sell no more of the goods, such goods as the defendant should then have in his possession.   Counsel for defendant argues that such sums, if any, as would be due to the defendant from the plaintiff under the executory contract should be charged against the amount due on the note and reduction thereof be had by way of recoupment, and that the court below should have allowed recoupment, to avoid multiplicity of suits.

Such we think is not the law.   Where plaintiff loaned money to the defendant, taking a note for the loan, and alleged an executory contract under which plaintiff was to supply merchandise to the

defendant, and where the defendant claimed that the plaintiff broke his agreement by charging prices for the merchandise which were above the market price and excessive, the court refused to allow the defendant to recoup damages for the breach of this executory contract. *Isenburger* v. *Hotel Reynolds Company et al.,* 177 Mass., 456.

In the case at bar the alleged agreement is so far independent of the note that either contract could be enforced without a previous or contemporaneous performance of the other.

The court cannot by way of recoupment allow a claim in reduction of damages which is founded upon an independent and distinct contract or transaction. *Home Savings Bank* v. *Boston,* 131 Mass., 277; *Brighton Five Cent Savings Bank* v. *Sawyer,* 132 Mass., 185.

A defendant may recoup damages arising out of breach of the same contract or transaction as that sued on, or arising out of one part of a contract consisting of mutual stipulations made at the same time, and relating to the same subject matter, where plaintiff sues on another part of the contract; but, taking the evidence of the defendant, as to the giving of the original note and the alleged agreement of the plaintiff to take back at the close of the business relations between the parties such merchandise as the defendant had left upon his hands, still the latter would be a new and independent agreement and in no way a part of the consideration for the original contract; and damages sustained by its breach would not be a proper matter of recoupment. *Gilchrist* v. *Partridge,* 73 Maine, 214; *Winthrop Savings Bank* v. *Jackson,* 67 Maine, 570.

Hence the direction of the verdict below was proper, and the judgment must be,

*Exceptions overruled.*