JAMES F. DILLON *vs.* OTTO C. LANGE.

Hampden.   September 22, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Merger.   Mortgage,* Of real estate.   *Tax,* Sale.

Where the mortgagee, under a mortgage of land containing a provision that he might pay taxes unpaid by the mortgagor and add the amount thereof with interest to the principal sum secured by the mortgage, took a tax deed of the land from the collector of taxes, the mortgagee, under such provision and G. L. (Ter. Ed.) c. 60, § 58, as amended by St. 1932, c. 2; § 60, had a right to keep separate the mortgage and the tax title, and there was no merger thereof.

One, to whom the mortgagee above mentioned assigned the mortgage subsequent to his receipt of the tax deed, and who purchased the land at a foreclosure sale of the mortgage, could not maintain a suit in equity against the mortgagee to remove the cloud of the tax deed from the plaintiff's title.

BILL IN EQUITY, filed in the Superior Court on July 12, 1930, described in the opinion.

The defendant demurred. The demurrer was heard by *Broadhurst*, J., and was ordered sustained on the grounds that no ground for equitable relief was shown in the bill and that the bill "fails to show any actual cloud on the title and shows at most that the . . . [plaintiff] is the

holder of an equity of redemption." By order of *Whiting,* J., there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiff appealed from each decree.

*T. H. Stapleton,* for the plaintiff.

*J. E. Kerigan,* for the defendant.

LUMMUS, J. This is an appeal from decrees sustaining a demurrer and dismissing the bill. The plaintiff acquired title to a mortgage upon realty by mesne assignments from the defendant, and foreclosed it, buying the property at the foreclosure sale. The defendant, while he held the mortgage, had taken a tax deed of the same premises from the collector of taxes. The mortgage provided that if the mortgagor should not pay the taxes, the mortgagee might pay them, "and the amount paid with interest thereon from the time of payment, shall be added to the principal sum" secured by the mortgage. The plaintiff, contending that the tax title had been extinguished by merger with the mortgage, brought a bill to remove the cloud of the tax deed from his title, and in it recited substantially the foregoing facts.

The demurrer was rightly sustained. The provision in the mortgage, and the similar statute (G. L. [Ter. Ed.] c. 60, §§ 58, 60, St. 1932, c. 2), extended, and did not limit, the remedies of a mortgagee compelled to satisfy a tax upon mortgaged property. *Stevens* v. *Cohen,* 170 Mass. 551, 554. One of his remedies is to buy at the tax sale and hold the tax title in addition to the mortgage. *Home Savings Bank* v. *Boston,* 131 Mass. 277. The case of *Walsh* v. *Wilson,* 130 Mass. 124, is not in point, not only because the mortgagee in that case was in possession when he attempted to obtain the tax title, but also because the tax title, a conveyance of which to the mortgagee was held invalid, was one first bought by the city, which the city could not convey except by sale at public auction under a statute which became obsolete with St. 1915, c. 237, § 20, and St. 1918, c. 257, § 56, and was omitted from the General Laws. Since the defendant had a clear interest and right to keep separate the mortgage and the tax title, there was no merger. *Earle* v. *Washburn,* 7

Allen, 95. *Keith* v. *Wheeler*, 159 Mass. 161. *Cheffee* v. *Geageah*, 253 Mass. 586. The assignment of the mortgage to the plaintiff left the tax title vested in the defendant.

*Decrees affirmed with costs.*