FANNIE SILVERSTEIN *vs.* NATHAN SASTER & another.

Bristol.  October 23, 1933. — February 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Surety.  Mortgage,* Of real estate.  *Merger.*

In an action by a mortgagee of real estate against the maker of the mortgage note, who also was the mortgagor, it appeared that, after the mortgage was given, the property had been conveyed by the mortgagor, the grantee assuming and agreeing to pay the mortgage debt, and that thereafter the plaintiff looked to such grantee to pay the mortgage debt and by subsequent dealings with him recognized the relationship of principal and surety existing between him and the defendant; that, payments on the note becoming in arrears, the plaintiff took possession under his mortgage and, later, without the knowledge of the defendant, at the plaintiff's request a deed was given, by one to whom the first grantee voluntarily had conveyed the land and who also had assumed and agreed to pay the mortgage, to a daughter of the plaintiff without an assumption on the daughter's part of liability to pay the mortgage debt; that the plaintiff stated orally to the first grantee of the defendant that he "would convey the property back at any time when times were better and payments could be continued"; that the plaintiff had the deed made to his daughter and not to himself in order to preserve his rights on the mortgage note against the defendant; and that thereafter, without first foreclosing the mortgage, the action against the defendant was begun. *Held,* that

(1) The rights of the defendant as *quasi* surety were not impaired by the conveyance to the plaintiff's daughter and the plaintiff's oral promise to the first grantee;

(2) There was no merger of the plaintiff's mortgage with the equity of redemption standing in the name of his daughter;

(3) Although the transaction made the land the primary fund for the payment of the mortgage debt, and the defendant as mortgagor became *quasi* surety, the plaintiff was entitled to enforce his personal obligation or the mortgage security or both;

(4) The doctrines of exoneration and marshalling were not applicable to compel the plaintiff to resort first to the land;

(5) The plaintiff was entitled to recover the full amount due upon the mortgage note.

CONTRACT for a balance alleged to be due upon a note of the defendants secured by a mortgage of real estate.

Writ in the Third District Court of Bristol dated August 23, 1932.

In the District Court, the action was heard by *Milliken*, J.  Material facts found by him are stated in the opinion.

The defendants requested, and the judge made, the following rulings:

"2. Upon payment of the balance of the note by the defendants, they would have been entitled to be subrogated to the mortgage notwithstanding they were the mortgagors, and an extinguishment of the mortgage releases the defendants as makers of the note.

"3. After the conveyance of the equity subject to the mortgage, the relation of the defendants to the plaintiff became that of sureties, and as sureties they were entitled to have the land, which constituted the primary fund, applied in payment of the mortgage debt.

"4. If the agreement between Mrs. Gracia and Mrs. Silverstein constituted only an agreement for an extension, it being without the consent of the defendants, the sureties, discharges the latter entirely."

The judge also found and ruled as follows:

"I find that after the conveyance to Mrs. Gracia, June 12, 1923, the plaintiff looked to her to pay the mortgage debt and dealt with her accordingly, and recognized the relationship of surety and principal existing between the mortgagors and their grantee by her subsequent dealings with her, and that the taking of the deed to Ida Silverstein was without the knowledge and consent of the defendants and was in derogation of their rights.

"While there was not strictly a merger I find the equity of redemption was conveyed so as to be under the plaintiff's complete control.  Upon these facts I find the defendants are relieved of responsibility on the mortgage debt, the note in suit."

There was a finding for the defendants, and the action was reported to the Appellate Division for the Southern District.  The report was ordered dismissed.  The plaintiff appealed.

The case was submitted on briefs.

F. Vera & W. S. Downey, for the plaintiff.

S. Barnet & P. Barnet, for the defendants.

LUMMUS, J. On May 4, 1923, the defendants gave to the plaintiff a witnessed promissory note, now overdue, with interest at nine per cent, secured by a second mortgage upon their land. On June 12, 1923, they conveyed the land to one Gracia, subject to the mortgages which Gracia assumed and agreed to pay. On November 25, 1923, Gracia "voluntarily" conveyed to her sister, one Moureira, subject to the mortgages which Moureira assumed and agreed to pay. Apparently Gracia continued to control the land, for her discussions with the plaintiff about her inability to make payments as required resulted in a taking of possession by the plaintiff, and later, in May, 1932, in a conveyance by Moureira "subject to said mortgages" to Ida Silverstein, a daughter of the plaintiff, who holds title for the plaintiff. It is to be noticed that Ida did not assume or agree to pay the mortgages. The purpose of the plaintiff in taking title in the name of Ida was to preserve the plaintiff's rights on the mortgage note against the defendants, who had conveyed the land nine years before. The judge finds: "In the conferences between the plaintiff and Mrs. Gracia the plaintiff orally stated she would convey the property back at any time when times were better and payments could be continued."

In this action upon the second mortgage note, the trial judge and the Appellate Division ruled that the plaintiff could not recover. The plaintiff appealed to this court.

The deeds to Gracia, to Moureira, and to Ida Silverstein all made the land, as compared with the personal liability of the defendants, the primary fund for the payment of the plaintiff's second mortgage note. *Pratt* v. *Buckley*, 175 Mass. 115, 116. *North End Savings Bank* v. *Snow*, 197 Mass. 339, 341. That is true although the deeds to Gracia and Moureira (but not the deed to Ida Silverstein), in which Gracia and Moureira assumed and agreed to pay the plaintiff's second mortgage, made their personal liability a still earlier fund until the deed to Ida Silverstein made the land the primary fund as compared with their

personal liability. See *Rice* v. *Sanders*, 152 Mass. 108, 110; *Bock* v. *Gallagher*, 114 Mass. 28; *Costa* v. *Sardinha*, 265 Mass. 319, 321. As to the parties subsequent to the plaintiff mortgagee, the land became the principal debtor and the defendants became sureties.

Whether a mortgagee is bound to recognize transactions by the mortgagor, subsequent to the mortgage but known to the mortgagee, as converting the mortgagor into a surety or as giving him the rights of a surety, has been disputed. In this Commonwealth, a mortgagee has no right to enforce directly the agreement of a subsequent grantee, made with the mortgagor, to assume and pay the mortgage. *Creesy* v. *Willis*, 159 Mass. 249, 251. *Goodenough* v. *Labrie*, 206 Mass. 599. *Codman* v. *Deland*, 231 Mass. 344, 347. *Bloch* v. *Budish*, 279 Mass. 102. There is authority for the proposition that a mortgagee may ignore subsequent dealings with the property, and need not treat the mortgagor as a surety, after the assumption of the mortgage by a grantee or a conveyance subject to the mortgage, unless he consents to do so. *Shepherd* v. *May*, 115 U. S. 505. *Union Mutual Life Ins. Co.* v. *Hanford*, 143 U. S. 187, 190. But other cases suggest, as in the partially analogous case of the assumption of partnership debts by a new firm or a continuing partner (*Palmer* v. *Purdy*, 83 N. Y. 144; *Rouse* v. *Bradford Banking Co. Ltd.* [1894] A. C. 586; 47 C. J. 1032, 1033), that notice to the mortgagee is enough to bind him to regard the equities resulting from the mortgagor's subsequent transactions with third persons. *George* v. *Wood*, 9 Allen, 80, 82. *Clark* v. *Fontain*, 135 Mass. 464. *Clarke* v. *Cowan*, 206 Mass. 252, 255, 256. Sheldon, Subrogation, (2d ed.) § 81. In *North End Savings Bank* v. *Snow*, 197 Mass. 339, 341, *Phillips* v. *Vorenberg*, 259 Mass. 46, 69, *Murray* v. *Marshall*, 94 N. Y. 611, and *Travers* v. *Dorr*, 60 Minn. 173, this principle was apparently applied to a conveyance subject to the mortgage. See also *Guild* v. *Butler*, 127 Mass. 386; Williston, Contracts, § 386. Even when consent of the mortgagee to the new relationship has been treated as necessary to bind him to regard the mortgagor as a surety, it has been held sufficient to show con-

sent that the mortgagee has entered into a contract with the grantee, such as an agreement for an extension of the mortgage. *Codman* v. *Deland*, 231 Mass. 344. In the present case, there is an express finding that the mort-gagee looked to the grantee of the mortgagor to pay the mortgage debt, and recognized that the defendants were really only sureties.

Once the mortgagee is bound, as the mortgagee was in this case, to treat the mortgagor as a surety, many of the rules of suretyship apply for the protection of the right of the mortgagor to indemnity, contribution and subroga-tion. If the mortgagee releases the land, he discharges the mortgagor *pro tanto* from personal liability on the mortgage note. *Worcester Mechanics' Savings Bank* v. *Thayer*, 136 Mass. 459. *First National Bank & Trust Co.* v. *Strong*, 112 Conn. 412. See also *Wagoner* v. *Brady*, 221 App. Div. (N. Y.) 405; 41 Am. L. R. 294, 306. If he gives to the grantee a valid and enforceable extension of time, he usually releases the mortgagor from personal liability to the extent of the then value of the land. *North End Savings Bank* v. *Snow*, 197 Mass. 339. *Phillips* v. *Voren-berg*, 259 Mass. 46, 61, 62, 66, 70, 72, 73. *Travers* v. *Dorr*, 60 Minn. 173. *Murray* v. *Marshall*, 94 N. Y. 611. See also *Franklin Savings Bank* v. *Cochrane*, 182 Mass. 586; *City Institution for Savings* v. *Kelil*, 262 Mass. 302, 306; *Starks* v. *O'Hara*, 266 Mass. 310, 314; 41 Am. L. R. 282; *Lincoln* v. *Finkelstein*, 255 Mass. 486, 490, 492. In the present case, however, there was no extension of time. The owner of the equity of redemption conveyed it to the nominee of the mortgagee, and the mortgagee said that she "would convey the property back at any time when times were better and payments could be continued." If there was any consideration for this promise, it amounted merely to an agreement to reconvey the equity of re-demption. There was nothing in the transaction to im-pair the rights of the defendants as *quasi* sureties, for on payment of the mortgage debt they could still be sub-rogated to the mortgage and enforce the direct promise of Gracia to them to assume and pay the mortgage. *Her-*

*manns* v. *Fanning*, 151 Mass. 1. *North End Savings Bank* v. *Snow*, 197 Mass. 339, 341. *Sherwood* v. *Warren*, 255 Mass. 206, 210.

The ruling was right that the second mortgage standing in the name of the plaintiff did not merge with the equity of redemption standing in the name of Ida Silverstein. *Tucker* v. *Crowley*, 127 Mass. 400. *Dillon* v. *Lange*, 280 Mass. 427. See also *Sullivan* v. *Neary*, 186 Mass. 158. The case differs from *Dickason* v. *Williams*, 129 Mass. 182, where the terms of the deed of the equity of redemption given to the mortgagee showed payment of the mortgage.

Although the transactions already recited made the land the primary fund for the payment of the mortgage debt, and the defendants as mortgagors became *quasi* sureties, the plaintiff is entitled to enforce their personal obligation or the mortgage security or both. *City Institution for Savings* v. *Kelil*, 262 Mass. 302, 306, 307. *Miller* v. *Levitt*, 226 Mass. 330. *Mercantile Guaranty Co.* v. *Hilton*, 191 Mass. 141. Sheldon, Subrogation, (2d ed.) § 115. Williston, Contracts, § 1276. Exoneration and marshalling have not been applied to such a relation, so as to compel the mortgagee to resort first to the land. *Marshall* v. *Davies*, 78 N. Y. 414, 421, 422. 41 Am. L. R. 325. Compare *Binns* v. *Baumgartner*, 105 N. J. Eq. 58. Even if those principles could be applied, they could be applied only in a suit in equity. In an action at law such as the present, the court must give judgment on the mortgage note, and let the rights of the mortgagor against the land be protected by subrogation.

The plaintiff is entitled to recover the sum due on the note, $779.73, with interest from July 5, 1930, at the rate of nine per cent per annum, and costs. *Union Institution for Savings* v. *Boston*, 129 Mass. 82. *Lamprey* v. *Mason*, 148 Mass. 231. *Kendall* v. *Equitable Life Assurance Society*, 171 Mass. 568, 573, 574. The order of the Appellate Division is reversed, and judgment is to be entered for the plaintiff in accordance with this opinion. G. L. (Ter. Ed.) c. 231, § 124. *Spevack* v. *Budish*, 238 Mass. 215, 218.

*Vrusho* v. *Vrusho*, 258 Mass. 185, 188.   *Glaser* v. *Schroeder*, 269 Mass. 337, 341.   *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 454.

*So ordered.*