Jones, P. J.
An action of contract for money had and received, to recover $164.99 paid for taxes. It is submitted on a statement of agreed facts, in substance as follows: the plaintiff and defendant each took a mortgage on 1220 Lawrence Street, Lowell, dated April 27 and recorded April 28, 1920, the mortgage held by the plaintiff being subject to the one held by the defendant. The policy of fire insurance on said property was duly made payable first, to the defendant as first mortgagee and second, to the plaintiff as second mortgagee. October 5, 1935, fire damaged the property and insurance loss was adjusted in the sum of $1772.00 which was received by the defendant.
Defendant’s first mortgage contains the following provision:
“This mortgage is upon the statutory condition, and also upon the condition that the grantor or her heirs, executors, administrators or assigns shall pay on demand to the grantee or its assigns all such sums as they shall pay for taxes and assessments on the granted premises and for insurance on the buildings on said premises, with interest; shall keep all policies of insurance on said buildings payable to and deposited with the grantee or its assigns; and shall not commit or suffer any breach of any law or ordinance relating to buildings on said premises; for any breach of which conditions the mortgagee shall have the statutory power of sale, said sale to be at any place in said Lowell.”
There are no provisions in the second mortgage that impose any obligation upon the second mortgage in favor of *197 the first mortgagee. On October 25,1935 the mortgagor had parted with the property, the interest due on the first mortgage had been paid to October 27, 1935, the second mortgage was in arrears; on said October 25, 1935 the plaintiff made an entry for the purpose of foreclosing the second mortgage and on the same day duly recorded the certificate of said entry.
The defendant collected the full amount of the insurance loss, $1772 and paid over to the plaintiff $407.01, namely $1772 less $1200, the amount due the plaintiff on the first mortgage and $164.99'. On October 25, 1935 the plaintiff made a legal tender to the defendant of $1200, which the defendant refused to accept and, at the same time, the plaintiff demanded the further sum of $164.99 for taxes laid by the City of Lowell on said property, plus interest for years 1930 and 1931, which taxes the then owner of the mortgaged property had not paid. The defendant paid said taxes August 19, 1931 and September 9, 1932 respectively, in order to preserve its security unimpaired, but had not recorded the so-called mortgagee’s certificate therefor, under G-. L. c. 60, § 60. The defendant refused to discharge its mortgage unless the $164.99 paid by it for taxes was paid. Nothing excepting taxes was due on said first mortgage above the debt of $1200. The amount due on plaintiff’s second mortgage and expenses was $572.00.
It does not appear that the plaintiff had notice or knowledge of the payment of the taxes in question by the defendant. There was evidence in addition to the stipulated facts introduced at the trial that each quarter the defendant sent out a bill or notice for the accruing interest, reading as follows : “The interest for three months, amounting to $18.00, on your note held by this Bank becomes due............... Please make payment promptly on or before that day. ’ ’ On *198 payment being made, the blank was filled in: ‘ ‘Received $18 as above,” and the bank’s paid stamp showing the date of payment was put on the notice. Up to July, 1935 these notices were sent to the then owner of the equity. Beginning in July they were addressed to the owner of the equity and “Emily N. Wiggin”, the plaintiff. The notice of October 27,1935 was in a slightly different form, reading as follows: On Oct. 27, ’35, you will owe' this bank on mortgage note of $1,200, 3 months interest, $18. Mortgage covers premises at 1220 Lawrence Street.” On payment, the bank’s paid stamp with the date was put on showing the fact of payment and the date,
It is stipulated that the legal right of the defendant to retain said sum of $164.99 is the question before the court. If the defendant is entitled as against the plaintiff to retain said sum, judgment is to be entered for the defendant for its costs; if the defendant is not so entitled judgment is to be entered for the plaintiff for one hundred sixty-four dollars and ninety-nine cents, interest and costs.
The mortgage held by the defendant was upon the statutory condition, G-. L. c. 183, § 20, which condition by force of the statute, contains among other provisions a provision that the
“mortgagor or his heirs, executors, administrators, successors or assigns . . . shall pay when due and payable all taxes, charges and assessments to whomsoever, and whenever laid or assessed, whether on the mortgaged premises or on any interest therein or on the deed or obligation secured thereby.”
The statutes applicable to the instant case are Gr, L. c. 60, §§ 58, 59, 60, as follows:
Section 58. If proceedings have been commenced for the taking or sale of land for a tax assessed thereon, or if the owner of land has neglected to pay such tax *199 within the year for which it is assessed, the holder of a mortgage thereon may pay such tax, charges and expenses to the collector; and the amount so paid may he added to the mortgage debt.
Section 59. If a tax on land is assessed to a mortgagor and mortgagee separately, any part thereof remaining unpaid on January first following its assessment may be paid by either party. If a mortgagee pays a tax, interest or costs thereon Which by law or by the terms of the mortgage was payable by the mortgagor, the amount so paid shall be added to the mortgage debt. If it is by law or by the terms of the mortgage payable by the mortgagee, and is paid by the mortgagor, the amount so paid shall be deducted from the mortgage debt unless the parties have, in writing, otherwise agreed.
Section 60. If a person other than the owner of the fee rightfully pays the taxes assessed on land to the collector or treasurer, before a taking or sale, the collector or treasurer shall give him a certificate of such payment stating the name of the person to whom the land is taxed, of the person paying the tax, and a substantially accurate description of the land. Such certificate being recorded in the registry of deeds within thirty days from its date shall be notice to all persons of such payment and of the lien therefor. A person whose tax is paid by another shall upon repaying the same have the same right to recover it from the town, if illegally assessed, which he would have had if the tax had been paid by him under written protest.
The plaintiff’s first request for rulings, — that the instant case is not governed by the decisions in Worcester v. Boston, 179 Mass. 41, raises the real issue of law here involved. The argument of the plaintiff is that this case does not apply because the record discloses that there was a covenant in the mortgage there involved that the mortgagee would pay the taxes and in the instant ease the provision about payment of taxes is in the form of a condition. An *200 examination of the ease of Worcester v. Boston, 179 Mass. 41, shows, it is true, a covenant by the grantor to punctually pay the taxes and assessments, and that the nonpayment of such taxes and assessments when due would be a breach of the mortgage.
In the instant case we have no such covenant. There is, however, no duty upon the defendant to pay the taxes for the benefit of the plaintiff. It is the general rule that in the absence of a covenant to this effect no legal duty devolves upon a senior mortgagee to pay the taxes upon the premises for the protection of a junior mortgagee. Pearmain v. Mass. Hospital Life Insurance Company, 206 Mass. 377, 378. It is the duty of the mortgagor by the terms of the mortgage and as owner to pay the taxes, under G-. L. c. 59, §11. When a senior mortgagee pays taxes for the protection of the property he is entitled as against both the mortgagor and a junior encumbrancer to reimbursement for the sum so paid. This is the rule as held by the U. S. Supreme Court and 34 of the states of the Union. See eases 41 Corpus Juris, 641. This general rule is also recognized in Donohue v. Chase, 139 Mass. 407, 410, where it is held in a suit for redemption brought by a mortgagee against the mortgagor the mortgagee should be allowed a payment for water rates necessary for use on the mortgaged premises. Also in Stevens v. Cohen, 170 Mass. 551, 552, it is held that “the right given to a holder of a mortgage by the Statute of 1880, c. 390, §60 (of which Gr. L. c. 60, §60 is a substantial re-enactment) to pay taxes, cannot be considered as interfering with his rights under the mortgage, but merely as giving an additional remedy”. Dillon v. Lange, 280 Mass. 427, 428. It is, therefore, clearly established by rule of law and by analogy that a mortgagee who pays real estate taxes in order to protect his security may, under the circumstances of the instant case, even in the absence of any *201 statute so authorizing, add the amount so paid to the mortgage debt. The statutes referred to have the effect of giving an additional remedy to the mortgagee in such a case. Home Savings Bank v. Boston, 131 Mass. 277, 278. Stevens v. Cohen, 170 Mass. 551. G. L. c. 60, §58 also provides that “if a tax remains unpaid after the last day upon which payment thereof may be made without interest, the holder of the mortgage upon the land may pay to the collector such tax or such part as then remains unpaid, with the accrued charges and expenses; and the amount so paid may be added to the mortgage debt”. The provision was intended for the mortgagee’s greater security, and cannot take away or limit his right to protect his interest in any other manner. Home Savings Bank v. Boston, 131 Mass. 277. The plaintiff further argues that by reason of the notices of interest due sent out that the defendant is thereby estopped from setting up the amount of taxes paid. Such, however, in our opinion is not the rule. In order to work an estoppel it must appear that a party claiming under an estoppel has been induced by the act of another sought to be estopped to do something different from what otherwise would have been done and which resulted to the farmer’s injury and that the other had reason or had cause to know that such results might follow. Boston & Albany Railroad v. Reardon, 226 Mass. 285. Nelson v. Wentworth, 243 Mass. 377. Augello v. Hanover Trust, 253 Mass. 160. DiLorenzo v. Atlantic National Bank, 278 Mass. 321. Estoppel requires conduct inducing another to change position to his hurt, to the knowledge of the party sought to be estopped. McLearn v. Hill, 276 Mass. 519. Moody v. Inhabitants of Newburyport, 4 Met. 431.
There is no suggestion in the present ease of any fraudulent purpose on the part of the defendant in sending the *202 interest notices or in failing to state a claim for taxes paid •and there is no evidence that the defendant in any way changed its position by reason of the notices sent. The lien created by taxes was not one in force at the time of the mortgage. It is a lien which has arisen during the term of the mortgages through the fault of the mortgagor under whom both the plaintiff and the defendant claim. The defendant having paid taxes it would be inequitable to main-lain the claim made here by the plaintiff. It has been held in Equitable Trust Co. of New York v. Kelsey, 204 Mass. 416, 418 that upon a mortgagee paying a tax which should .be. paid by the mortgagor said mortgagee is “clearly entitled'to be subrogated to the rights of the taxpayer so .far as respects the lien upon the land”. And to render complete justice he is also entitled to the rights of the. tax collector against the fund held by the receiver in this Commonwealth.
To discuss plaintiff’s further requests in detail is unnecessary, as they raise no different question than is raised by plaintiff’s request 1.
Report dismissed.