WILLIAM PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106062. Promulgated March 27, 1942.

*Harold L. Clark, Esq.*, for the petitioner.
*Martin M. Lore, Esq.*, for the respondent.

### OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in income tax for the year 1937 in the amount of $1,941.07. The single question presented for our consideration is whether the petitioner is entitled to a deduction for a bad debt ascertained to be partially worthless during the taxable year.

The petitioner is an individual residing in Boston, Massachusetts. The return for the taxable year was filed with the collector of internal revenue for the district of Massachusetts.

All of the evidence is contained in a written stipulation of facts filed by the parties and we adopt the stipulation as our findings of fact. The material facts are stated therein as follows:

6. The taxpayer on October 22, 1909, loaned $22,000 on a promissory note signed by one Lillior T. Nutting, said promissory note being for $22,000 payable five years from said date with interest payable semiannually at 3¾ per centum per annum, secured by a power of sale first mortgage of real estate located at 435 Beacon Street, Boston, Massachusetts. * * *

7. Thereafter interest payments on said note were made regularly by successive owners of said real estate to October 22, 1930; and three payments of $1,000 each in reduction of the principal of the obligation were so made on January 24, 1928, July 22, 1929, and October 1, 1929, respectively, thereby reducing the unpaid balance to $19,000.

8. Interest accrued after October 22, 1930, was defaulted on April 22, 1931.

9. On May 8, 1931, the then owner of the said real estate, namely, A. F. Baker & Co. Inc., voluntarily and without payment of money or the receipt of other consideration therefor executed and delivered to one Gertrude L. Victory, a deed conveying title to said real estate subject to said first mortgage.

10. Said corporation was not a maker, endorser, surety or guarantor on either the note or mortgage, and had never obligated itself to the petitioner or any other person to pay the same.

11. Neither the petitioner nor said Victory paid consideration to said corporation for the deed and neither entered into any agreements with the corporation in respect of the property or said note and mortgage.

12. Said Victory acted at all times as nominee or agent for the petitioner, herself claiming no beneficial interest in the property.

13. The property was assessed for the year 1931 by the City of Boston for tax purposes at $29,500 and at the time of said conveyance in 1931 it was deemed by the petitioner to have a value at least equal to the balance of $19,000 then due on said note and mortgage.

14. From May 8, 1931 to May 3, 1937, the petitioner paid the expenses of maintaining the property, including taxes assessed thereon, receiving, however, no income since the property was not rented. During this period, petitioner endeavored through his agents to effect a sale at successively reduced prices. In 1937, one Sioris, made an offer of $10,000 which was accepted by said Victory with approval of the petitioner or his attorney, said price to be paid solely by his assumption of said mortgage, reduced in amount to $10,000.

15. On May 3, 1937, said Victory at request of the taxpayer's attorney executed and delivered a deed conveying title to said real estate to said Sioris subject to said mortgage, and said deed contained the following paragraph, viz:

"Said premises are hereby also conveyed subject to a certain mortgage given by Lillior T. Nutting to William Phillips dated October 22, 1909, and recorded with said Deeds in Book 3401, Page 206, upon which mortgage there remains unpaid the sum of Ten Thousand (10,000) Dollars, and which mortgage the grantee hereby assumes and agrees to pay."

\*  \*  \*  \*  \*  \*  \*

16. No consideration was paid by said purchaser, Sioris, other than by his assumption of said mortgage, reduced to the said sum of ten thousand dollars, as aforesaid.

17. On May 3, 1937, said mortgage was extended by an agreement between said petitioner and said Sioris. * * *

18. On May 1, 1937, in anticipation of said conveyance to Sioris, the taxpayer by his attorney endorsed upon said mortgage note the following, viz:

"May 1, 1937. It is hereby acknowledged that the amount of principal remaining unpaid on this note is $10,000, and that interest thereon to this date has been paid or satisfied."

19. From and after October 1, 1929 to May 1, 1937, the petitioner carried said mortgage note on his books at a value of $19,000. On May 1, 1937, the petitioner by his attorney and agent charged off on his books of account kept by said attorney and agent in respect of said mortgage note the sum of $9,000, reducing the same on his books to $10,000. At no time here material did the petitioner show the property itself as an asset on his books. He elected not to merge the title and mortgage but sought to avoid that result by refraining from foreclosure or accepting legal title.

20. The then value of said mortgage note, secured as aforesaid, did not exceed $10,000 which represented the then full and fair market value of the mortgaged real estate and the price thereof paid in manner aforesaid by said Sioris.

21. The original mortgagor and maker of the mortgage note, Lillior T. Nutting, was a "professional straw" and acted as such in taking title and signing the note and mortgage. Nutting was without ability to pay the obligation otherwise than by application of the security therefor, and no other person prior to May 1, 1937, ever became obligated to pay said mortgage. An unsecured claim against Nutting was without value in 1937 and at all other times here material, and in 1937 the claim against him was barred by statute of limitations.

The petitioner contends that the mortgage debt was partially worthless to the extent of $9,000 in 1937 and that, having charged off that amount, he is entitled to a bad debt deduction in accordance

with section 23 (k) of the Revenue Act of 1936, which provides as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*  \*

(k) BAD DEBTS.—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

In order to establish his right to a bad debt deduction the petitioner must prove that there was in fact a valid indebtedness outstanding during the taxable year. The respondent argues that the debt was extinguished when petitioner, through his nominee, reacquired the property in 1931 because at that time the legal and equitable interests in the property merged. The respondent has determined that the transaction in the taxable year constituted a sale or exchange of a capital asset and that the loss sustained by the petitioner is limited by the provisions of section 117 (d) of the Revenue Act of 1936. Petitioner contends that there was no merger of interests and that the debt remained outstanding after 1931 and during the taxable year.

It is not necessary for us to discuss the technical doctrine of merger of interests in this proceeding. We may assume that the legal title and the equity of redemption did not merge in the petitioner. Thus, the note remained outstanding as a valid legal obligation of the maker against whom the petitioner might then have had recourse for payment. Cf. *Silverstein* v. *Saster*, 285 Mass. 453; 189 N. E. 540. It is perfectly clear, however, that nothing could have been collected from the maker at any time. He was a professional judgment-proof straw man and this fact was known to petitioner. Except for the security of the property the mortgage note was worthless at all times. This security was conveyed to the petitioner by the owner on May 8, 1931, by a deed made voluntarily and in lieu of foreclosure. The conveyance was made to petitioner's agent, but the agent claimed no beneficial interest in the property and held it for the petitioner, who paid all taxes and was entitled to any income. The only possible conclusion is that the property belonged to the petitioner after May 8, 1931. The cost to him of the property was the unpaid principal of the mortgage note. If in 1937 the petitioner had sold the property at a profit, that profit would have been taxed as capital gain. He sold the property, however, at a loss. That loss was a capital loss as determined by the respondent in the determination of the deficiency.

The respondent's disallowance of the claimed worthless debt in 1937 is approved. *Decision will be entered for the respondent.*